GEORGE H. WYMAN vs. NORTHERN PACIFIC RAILROAD COMPANY.

October 23, 1885.

**Common Carrier of Passengers—Railroad Ticket—Right to Stop Over.**
In the absence of any agreement to the contrary, the purchaser of a railroad ticket is only entitled to one continuous passage upon it. When he has selected his train and commenced his journey, he has no right to leave at an intermediate point without the carrier's assent, and afterwards demand that the contract be completed on another train.

**Same—Application to Facts.**—The road from S. to A. was used by both defendant and the St. P., M. & M. Ry. Co., each company operating its own trains. The plaintiff purchased a ticket from S. to A., (which was good on a train of either company,) entered at S. a train of the latter company, which ran only to M., a point intermediate between S. and A. The conductor of this train accepted this ticket in payment of his fare from S. to M., "punched" it, and returned it to him. *Held*, that plaintiff had no right on this ticket to resume his journey to A. on a train of defendant.

**Same—Refusal to Pay Fare—Expulsion from Train.**—If a person enter a train, and refuse to pay his fare when lawfully demanded, he is a trespasser, and not a passenger, and at common law the carrier is not bound to put him off at a station or usual stopping-place, but may expel him at any place, provided it will not expose him to serious danger, or result in wanton injury to him.

Appeal by plaintiff from an order of the district court for Anoka county, *Lochren*, J., presiding, sustaining a demurrer to the complaint.

*Merrick & Merrick*, for appellant, cited *Maples* v. *N. Y. & N. H. R. Co.*, 38 Conn. 557; *Lake Erie & W. Ry. Co.* v. *Fix*, 88 Ind. 381; *Brooke* v. *Grand Trunk Ry. Co.*, 15 Mich. 332; *Maroney* v. *Old Colony, etc., Ry. Co.*, 106 Mass. 153; *Murdock* v. *Boston & A. R. Co.*, 137 Mass. 293; *Elmore* v. *Sands*, 54 N. Y. 512; *Rawson* v. *Penn. R. Co.*, 48 N. Y. 212; *Auerbach* v. *N. Y. C., etc., R. Co.*, 89 N. Y. 281; *Northern R. R. Co.* v. *Page*, 22 Barb. 130; *Townsend* v. *N. Y. Cent. & H. R. R. Co.*, 4 Hun, 217; *Cleveland, etc., R. Co.* v. *Bartram*, 11 Ohio St. 457; *Palmer* v. *Railroad*, 3 S. C. 580; *Churchill* v. *Chicago & A. R. Co.*, 3 Am. Ry. Rep. 430; S. C., 67 Ill. 390.

*W. P. Clough,* for respondent.

MITCHELL, J. This was an action for damages for unlawfully ejecting plaintiff from defendant's train. The appeal is from an order sustaining a demurrer to the complaint. The allegations of the complaint are that the plaintiff purchased of defendant a ticket from Anoka to St. Paul and return, and entered one of defendant's trains at Anoka, and proceeded to St. Paul; that on the trip the conductor took up one-half of the ticket and returned the other half to the plaintiff; that on the afternoon of the same day he boarded one of the trains of the St. Paul, Minneapolis & Manitoba Railway Company from St. Paul to Minneapolis, and presented the remaining or "return" half of the ticket to the conductor, who punched it and returned it to him; that this train ran only to Minneapolis; that in the evening at Minneapolis he entered a passenger train of defendant for Anoka, and during the trip tendered this same ticket to the conductor, who refused to receive it for his fare, and then stopped the train at a point eight miles from Anoka, "in an uninhabited country, and not at any station, and with force, threats, and violence expelled plaintiff from said train, and did then and there refuse to carry plaintiff to said Anoka, as, for a valuable consideration paid, defendant had theretofore agreed to do." The ticket, which is set out in the complaint, contains no permission to "stop over," but reads merely "returning;" "St. Paul to Anoka." The complaint contains no allegation that plaintiff paid, or offered to pay, his fare, except by tendering the ticket in question.

In explanation, it may be proper to state, what was assumed and conceded on the argument, (although the fact does not clearly appear from the complaint,) that the road between St. Paul and Anoka is used by both the defendant and the St. Paul, Minneapolis & Manitoba Railway Company, each, however, operating its own trains; but that the ticket in question was good on the trains of either company.

We do not construe the complaint as alleging the use of undue or unnecessary force in expelling plaintiff. The gist of his cause of action is that the expulsion was unlawful, and the allegations of assault with force and violence are referable to the fact of the expulsion.

Neither is the allegation material that the place of expulsion "was not at any station." If a person enter a train, and refuse to pay his fare when lawfully demanded, he is a trespasser, and not a passenger, and at common law the carrier is not required to put him out at one place rather than another, provided he is not wantonly exposed to peril of serious personal injury. Expulsion may be at a place other than a depot or usual stopping-place, provided care is taken not to expose the person to serious injury or danger; or, as it is sometimes expressed, provided the act will not result in wanton injury to him. The carrier is not required to have consideration for the *mere convenience* of such a wrong-doer. *McClure* v. *Philadelphia, W. & B. R. Co.*, 34 Md. 532; *Great Western Ry. Co.* v. *Miller,* 19 Mich. 305; *Lillis* v. *St. Louis, K. C. & N. Ry. Co.*, 64 Mo. 464; *O'Brien* v. *Boston & Worcester R. Co.*, 15 Gray, 20. In some states this rule has been changed by statute, but we are aware of no authority to the contrary where the common-law doctrine remains in force. The case of *Maples* v. *New York & N. H. R. Co.*, 38 Conn. 557, cited by counsel, if the facts of that case are examined, will be found not to be at all in conflict with the general rule.

There is no allegation that the place of expulsion was dangerous or such as to expose plaintiff to serious peril. Hence the case is reduced down to the single question whether defendant had a right to expel plaintiff at all. On this ticket the plaintiff had only a right to a continuous passage. The general rule, in the absence of any statute changing it, is that the contract of conveyance between a carrier and a passenger is an entirety. Neither party can require the other to perform it in parts. Where a passenger has selected his train and entered it and commenced his journey, he has no right to leave it at an intermediate point without the carrier's consent, and afterwards demand that the contract be completed on another train. The passenger, on resuming his journey after leaving the train without permission of the carrier, can claim no rights under his ticket on another train. The production of a conductor's check, unless it expressly authorizes the passenger to stop over, gives him no rights in the premises. Such a check is simply evidence that the fare has been paid for a continuous journey. This is too well established to

really require the citation of authorities.    See Thompson on Carriers, 69, 70, and cases cited.

Plaintiff's contention, however, is that, even if this be so, there was a waiver of this condition on part of defendant, and a consent that he might stop over at Minneapolis and resume his journey on another train, from the fact that he was admitted as a passenger on the Manitoba Short Line train from St. Paul to Minneapolis, and this ticket accepted by the conductor; that if the ticket only entitled him to a continuous passage, it was the duty of that conductor to notify him of that fact.    To this suggestion there are two sufficient answers:    (1) This was the train of the St. Paul, Minneapolis & Manitoba Railway Company, and not of defendant, and the conductor the agent of the former, and not of the latter; and (2) even if it had been defendant's train, the acts referred to would not have amounted to any such waiver or consent.    This ticket would have entitled plaintiff to enter the train and ride to Minneapolis.    The defendant would have had no right to refuse to admit him or accept the ticket.    If plaintiff saw fit to use it for a passage to Minneapolis instead of one to Anoka, he had a right to do so.    Neither did the fact that the conductor, after punching the ticket, returned it to him enhance plaintiff's right in the premises.    The punching merely indicated that it had been used.    If the conductor was at fault at all, it was in not taking the ticket up altogether before reaching Minneapolis, a fact of which his employers, if any one, and not the plaintiff, can complain.

Our conclusion therefore is that the expulsion of plaintiff was lawful, and that the complaint states no cause of action.

Order affirmed.