FRED. E. HARDENBERGH *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA
RAILWAY COMPANY.

June 18, 1888.

**Carrier of Passengers—Failure to furnish Seat—Refusal to pay Fare.**
—Plaintiff, at M., desiring to go to W., entered one of defendant's reg-
ular passenger trains about to start for the latter place. Before he learned
he could get no seat, the train was going at a high rate of speed. He
asked the conductor to provide him a seat, but the conductor refused. On
his fare being demanded, plaintiff offered to pay it, if a seat were provided
him, but refused to pay it unless a seat were provided. *Held*, that plain-
tiff had a right so to refuse to pay the fare, and he did not thereby become
a trespasser on the train; for a passenger has a right to be provided with
a seat.

**Same—Ejecting of Passenger elsewhere than at Station.**—*Also* that a
railroad company, having the right to eject from its train one not a tres-
passer, must do so at a regular station. *Wyman* v. *Northern Pacific R.
Co.*, 34 Minn. 210, distinguished.

Plaintiff brought this action in the district court for Hennepin
county, to recover damages for having been ejected from one of de-
fendant's passenger trains. At the trial, before *Young*, J., and a jury,
the plaintiff having rested his case, the action was dismissed, on de-
fendant's motion. A new trial was refused, and the plaintiff appealed.

*Selden Bacon*, for appellant.

*Benton & Roberts*, for respondent.

GILFILLAN, C. J. Defendant was a common carrier of passengers
for hire, maintaining and operating, for that purpose, a line of rail-
way from Minneapolis to Wayzata, on Lake Minnetonka. The plain-
tiff, for the purpose of going from Minneapolis to Wayzata, entered,
at the former place, one of defendant's regular passenger trains for
the latter place, which immediately started, and, before plaintiff could
look through the cars in the train to find a seat, it was going at a
high rate of speed. Upon looking through the train, he could find no
seat vacant. At the first opportunity he applied to the conductor to
furnish him a seat, and the conductor (as we assume, because the seats

were all filled) refused to provide him one.   The conductor then de-
manded his fare, which the plaintiff offered to pay if supplied with a
seat, but refused to pay unless supplied with a seat.   Up to this the
train had made no stop.   The conductor then stopped the train, and
forcibly put the plaintiff off at a place distant from any dwelling-house,
more than two miles distant from any flag-station, and more than five
miles distant from any regular station of defendant.   No complaint
is made that the conductor, if he had a right to eject plaintiff, used
more than the proper amount of force.   The only question is, had the
conductor a right, under the circumstances, to put plaintiff off at the
place where he did; that is, out in the country, at a distance from any
station ?

In the case of a trespasser on a train,—that is, a person wrong-
fully upon it, as where he enters it intending not to pay the fare, or
where he wrongfully refuses to pay the fare when properly demanded,
—the conductor is not required to put him off at one place rather
than another, provided he do not wantonly expose him to peril
of serious personal injury.   With that qualification, he may put him
off at a place other than a station, and is not required to consider
his mere convenience.   *Wyman* v. *Northern Pacific R. Co.*, 34 Minn.
210, (25 N. W. Rep. 349.)

This plaintiff, however, was not wrongfully on the train.   It is, in
general, the duty of a railroad company to provide sufficient cars to
carry all who have occasion to travel on its line of road.   As the law
does not require unreasonable things, a single instance, or occasional
instances, of insufficiency in the amount of means to travel, caused
by a rush of travel not reasonably to be expected by the company,
would probably be excused; and the railroad company, like all other
common carriers of passengers, must provide those whom it carries
with the usual, reasonable accommodations for comfort in travelling,
including seats.   This is too well established to need citation of au-
thorities.   When this plaintiff, desiring to take passage to Wayzata,
found one of defendant's regular passenger trains about to start for
that place, he had a right to enter it, assuming that the defendant
had done its duty in providing sufficient and suitable accommoda-
tions for all having occasion to become passengers on the train.

The train started, and had reached a high rate of speed, before he learned that there was not sufficient seats.   When he learned that he could get no seat, he had a right to elect either to accept such accommodations as were offered and pay the fare, or to refuse to pay the fare unless he could have the accommodations to which a passenger is entitled.   If he elected the latter course, then (inasmuch as he was not entitled to the passage, even though no seat was provided him, without paying fare) it was his duty to leave the train on the first reasonable opportunity afforded him.   He could not be expected to leave the train while in motion.   A reasonable opportunity to leave it would have been the stopping it in a suitable and reasonable place. As he had a right to refuse to pay fare unless a seat was provided him, he did not become wrongfully on the train by so refusing.   He could become a trespasser only by refusing to leave the train, on a reasonable opportunity being afforded.   Such opportunity the defendant was bound to afford unless it chose to carry him without fare.   It was the defendant's, not the plaintiff's, fault that a seat was not provided.

The case differs from the *Wyman Case*, for in that case the refusal to pay fare was wrongful; in this, the refusal, unless a seat was provided him, was rightful.   In that case the plaintiff, by the refusal, became a trespasser; in this, he did not.   This case is somewhat analogous to *Maples* v. *New York, etc., R. Co.*, 38 Conn. 557, in which it was laid down that a railroad company, having a right to eject from its train one not a trespasser, must do so at some regular station on its road.   That is a reasonable rule, and that the decision was in accordance with the general rule was recognized by this court in the *Wyman Case*.   See, also, *Gallena* v. *Hot Springs R. Co.*, 13 Fed. Rep. 116.

Order reversed.