# Chicago and Alton Railroad Company
## v.
## William Willard.

*Railroads—Rules and Regulations—Tickets—Loss of—Failure to Find—Ejectment from Train—Reasonable Time—Trespass—Evidence— Verdict against the Weight of.*

1. A carrier by rail is bound to use the highest degree of care in the transportation of passengers, and to make and enforce reasonable rules necessary to the performance of such duty.

2. Upon the failure of a passenger to obey such rules, he may be ejected from the car by the conductor or other proper person, without unnecessary violence.

3. A passenger has no right to resist his lawful ejectment, and if he does so and is injured he can not recover.

4. A rule requiring a passenger upon a railroad train to produce and exhibit his ticket to the conductor, or pay his fare, is reasonable and just.

5. A passenger who has mislaid his ticket is entitled to a reasonable time in which to find it.

6. The time occupied by a passenger train in running from one station to another is sufficient to allow a passenger, using ordinary diligence, to find a lost ticket.

7. In an action of trespass brought against a railroad company for the recovery of damages for an alleged unlawful assault and ejectment from a train, this court holds that the verdict in behalf of the plaintiff is contrary to the evidence, and must therefore be set aside.

[Opinion filed March 14, 1889.]

Appeal from the Circuit Court of St. Clair County; the Hon. William H. Snyder, Judge, presiding.

Messrs. Luke H. Hite and William Brown, for appellant.

Mr. William Winkelmann, for appellee.

Green, P. J. This suit in trespass was brought by appellee to recover damages on an alleged unlawful assault and ejection from defendant's train by defendant's servants. The judg

ment below was for $475 and costs in favor of appellee, and appellant appealed.

So much of the declaration as is necessary to an understanding of the grounds for recovery claimed, is as follows: Plaintiff avers that on the day aforesaid he purchased a pass or ticket to be carried on said road from East St. Louis to Springfield, which pass or ticket was one of the regular and legally issued passes or tickets for conveyance of passengers issued by said defendant; and plaintiff, while in possession of said pass or ticket, entered a passenger car of defendant then in the act of moving, and defendant received plaintiff as such passenger, and it became the duty of defendant to safely carry plaintiff from East St. Louis to Springfield. And plaintiff avers that about two miles from East St. Louis defendant, by its conductor, demanded of plaintiff his pass or ticket. Upon such demand plaintiff made diligent search in his pockets and about his person, but without avail, and thereupon informed the conductor that he had bought a pass or ticket, and had the same in his possession, but was unable to find the same, but if conductor would grant him time he would find said pass or ticket, and deliver same to conductor; but conductor, without a word of warning, seized plaintiff's neck and threw plaintiff upon the floor of the car, and with force and violence pulled plaintiff out of the car and directed the brakeman to lay hold and pull plaintiff about, all of which brakeman then and there did, and the conductor refused to take plaintiff on said car and convey him to Springfield, whereby plaintiff was compelled to remain off said train and await the arrival of the next of defendant's train, to be conveyed to Springfield. Plaintiff avers that at least fifty passengers were riding on said cars and all of them witnessed the ejecting of plaintiff, whereof plaintiff was greatly hurt in his feelings, and put to shame and disgrace by reason of the assault and beating and throwing and pulling of plaintiff upon the floor, to the damage of plaintiff of $1,500.

The pleader, by the use of these averments, doubtless intended to charge that a reasonable time was not given plaintiff to produce and exhibit to defendant's conductor, after de-

mand therefor, the ticket which evidenced plaintiff's right to transportation, and hence that defendant's servants were guilty of trespass in forcibly removing him from the train.

An examination of the record satisfies us that the evidence establishes the following facts: that plaintiff was forcibly removed from the train of defendant by its servants, he then having in his possession a coupon ticket issued by a railroad company other than defendant, entitling plaintiff to transportation over several lines of railroad, and, among others, that of defendant from East St. Louis to a point beyond Venice; that plaintiff got on defendant's train at East St. Louis, and at or before reaching the first stop of the train after leaving East St. Louis, defendant's conductor, then known to be such by plaintiff, demanded of him his ticket, which was not then produced, and conductor left plaintiff and passed through the car and took up and collected tickets or fares from all the other passengers, after which he again returned to plaintiff and demanded of him his ticket or fare, and warned him if he did not comply with such demand, he, the conductor,. would put plaintiff off the train at Venice, the next stop.   That plaintiff did not at any time exhibit his ticket, or pay or offer to pay his railroad fare to the conductor, and was not ejected from the train until it had stopped at Venice, the next regular station beyond East St. Louis on defendant's road, but not the first stop, and the force used in removing plaintiff from the train was made necessary by his resistance, and was not greater than required to overcome that resistance, and the jury possibly might have been warranted in finding, as a fact, that plaintiff told the conductor he had a ticket.

Having thus stated the material facts as we find them to be, we deem it proper to advert to some of the rules laid down by our Supreme Court, other courts of last resort in sister States, and in elementary treatises, touching the reciprocal rights and duties of passenger carriers and passengers.   The carrier is bound to use the highest degree of care and diligence to provide for the safety and security of the passenger while being transported, and has the right to make and enforce reasonable and just rules to enable it successfully to perform

the duties it owes its passengers, and the latter must comply with such rules, and failing and refusing so to do after reasonable notice and request made by one authorized to enforce the same, at once becomes an intruder, forfeits his right to be carried, and may be ejected by the use of force without unnecessary violence.

The rule is reasonable and just which requires a passenger to produce and exhibit a ticket when requested by the conductor to pay his fare; if he fails or refuses to comply with such request, and as between the conductor and passenger the ticket purchased by the latter is the only evidence of the right of the passenger to be carried, the conductor can not be expected to accept explanations of the passenger when he fails to produce any ticket, but, if the passenger has mislaid his ticket, he is entitled to a reasonable length of time in which to search for it.

It is also held as a rule that if the conductor has the lawful right to eject the passenger and is proceeding to do so in a lawful manner, the latter has no right to resist, and if in doing so he receives injuries he will have no one to blame but himself. The rule requiring the passenger to exhibit a ticket or pay fare being reasonable and just, the conductor owes the duty to his employer to enforce it and to eject the passenger failing to comply therewith. The performance of this duty is a lawful act of the conductor unless unnecessary force or violence is resorted to by him, and resistance by the passenger to such lawful act is a wrong on his part; under such circumstances he has no right to repel force with force, and invite an assault and the struggle which might ensue. See Ill. Cent. R. R. v. Whittimore, 43 Ill. 420; C., B. & Q. R. R. Co. v. Griffin, 68 Ill. 504; The Penna. R. R. Co. v. Connell, 112 Ill. 295; Townsend v. N. Y. C. & H. R. R. R. Co., 56 N. Y. 295; Murphy v. Union Ry. Co., 118 Mass. 228; L. S. & M. S. Ry. Co. v. Pierce, 47 Mich. 277; Frederick v. M. H. & O. R. R. Co., 37 Mich. 342; Thompson's Carriers of Passengers, 336, 338; Hutchinson on Carriers, top paging 470, *et seq.* Summed up, then, the authorities cited support the doctrine that the carrier has the right to adopt

reasonable rules in order to enable it to properly execute its responsible and sometimes difficult duties, insure the comfort and safety of its passengers, and protect itself from wrong and imposition; that it is a just rule to require one claiming the right to transportation to produce and exhibit to the conductor, on request, the ticket which evidences such right (reasonable time being allowed him to comply with such request), or pay his fare; that it is the duty of the conductor to enforce this rule, and the duty of the passenger to conform thereto or forfeit his right to remain on the train and be carried.

In this case defendant's conductor, in the performance of his lawful duty, requested appellee to show his ticket, the only sufficient evidence of his right to be carried which the conductor was authorized to recognize; time was then given appellee while the train ran from the point such request was made and until it had reached Venice, the next station, and until the conductor had taken up and collected tickets, or fare, from every other passenger in the car, and it appears from the evidence that during all this time appellee did not endeavor to find his ticket so that he might be able to show it to the conductor on his return ; that at Venice he was again requested by the conductor to produce his ticket or pay fare, and failed and refused to do either, although warned by the conductor of the consequences of such default; and having thus, by his own conduct, become an intruder, and forfeited his right to remain upon the train, he refused to leave the car, and force, occasioned by his resistance, became lawful and necessary to remove him from the train, and we find the force so used was not excessive. It is insisted, however, reasonable time was not given appellee to exhibit his ticket ; in other words, that he was entitled to the right of being carried past the station at Venice to afford him time to find and produce it, and hence his ejection was wrongful. Under the facts proven it would be unreasonable to sustain this contention unless under some exceptional and unusual circumstances. The time occupied by a passenger train in running from one regular station to another is amply sufficient to enable a passenger, using

ordinary diligence, to produce and exhibit his ticket to the conductor, and this is demonstrated in the case at bar. Within the time mentioned every passenger except appellee had shown his ticket or paid fare, and appellee alone was derelict. He had then forfeited his right to remain on the train by a failure and refusal to comply with reasonable rules adopted by defendant. His own dilatory action and negligence had brought about this result, and it then became his duty to leave the train when requested so to do by the conductor, and without resistance. Had he left the train quietly and peaceably, no struggle would have ensued; he would have been subjected to no force or violence, and suffered only the inconvenience of two hours' delay, for which no one but himself was to blame. Applying the law to the facts in this case, as we find them to be from the evidence, appellee had and has no legal right of action against the appellant, and no good reason exists for remanding the cause. In reaching this conclusion we have not been unmindful of the rule that it is the province of the jury to determine the weight and credit which should be given to the testimony, and settle conflicting evidence, but feel constrained in this case to recognize and apply another rule quite as salutary and equally imperative, and that is, if, when all the evidence has been carefully examined and fairly considered, the finding of the jury appears to the court so manifestly wrong and unwarranted as in this case it appears to us to be, the verdict should be set aside. Railroad corporations must be compelled by the courts to perform all the duties imposed upon them by the law, and in the manner required by the law, and it is the duty of courts of review to sustain judgments rightfully rendered against them for damages resulting from, or occasioned by, the wrongful and illegal acts of their agents or servants. But it is equally obligatory upon courts to hold passengers to a like performance of the duties the law imposes upon them, and to set aside verdicts and reverse judgments rendered in their favor, unwarranted by the evidence and against the law. In this latter category we place this case, and reverse the judgment of the Circuit Court without remanding the cause.

*Judgment reversed.*