## PASSENGER ENTITLED TO REASONABLE TIME TO PAY HIS FARE.

Circuit Court of Cuyahoga County.

THE NORTHERN OHIO TRACTION & LIGHT COMPANY v. JOSEPH WIELAND.

Decided, July 1, 1912.

*Carriers—Passenger Entitled to Reasonable Time to Produce Ticket or Pay Fare.*

1. A passenger on a street car or railway train is entitled to a reasonable time in which to pay his fare or produce his ticket, and, if he is acting in good faith, the conductor has no right to eject him without affording him such reasonable time to pay his fare or find his ticket, if it is mislaid.
2. Where a passenger has left his ticket in the custody of another passenger in a remote part of a crowded street car, and the conductor forcibly ejects him within a minute or two after having first demanded his fare, he has not been given a reasonable opportunity to secure and present his ticket and the carrier is liable in damages.

*Kline, Tolles & Morley,* for plaintiff in error.
*A. M. Klein,* contra.

NIMAN, J.; METCALFE, J. (sitting in place of Winch, J.), concurs; MARVIN, J., not sitting.

Joseph Wieland, the defendant in error, sued the Northern Ohio Traction & Light Company, the plaintiff in error, in the municipal court of the city of Cleveland, and recovered a judgment in that court for $200. On error proceedings prosecuted in the court of common pleas, the judgment of the municipal court was affirmed, and this proceeding is brought to secure a reversal of the judgment of the court of common pleas affirming the judgment of the municipal court.

The plaintiff in the original action by his amended statement of claim charged, in substance, that on or about the 29th day of October, 1911, he was a passenger on a car of the defendant,

and that he was wrongfully ejected from the car by the conductor and motorman, and by reason thereof was seriously injured. The recovery sought was for damages for his alleged injuries.

It appears from the evidence that on the 29th of October, 1911, the plaintiff in the original action, with his two sons-in-law, boarded a car of the defendant for the purpose of going to Bedford. Three tickets were bought before the party got on the car. These tickets were retained by one of the plaintiff's sons-in-law. When the three men got on the car it was crowded, and the plaintiff went forward into the smoking compartment while the other two men remained in the back part of the car.

When the conductor collected the fares of the passengers he began at the rear end of the car and worked forward, and when he came to the two sons-in-law of the plaintiff he was given two tickets. According to the testimony of the sons-in-law, the third ticket which had been purchased for the plaintiff had fallen into a basket, and while the men were looking for this ticket the conductor passed on forward. When the conductor came to the plaintiff he was told, according to the plaintiff's testimony, that the plaintiff did not have the ticket but that his son-in-law had it. The plaintiff was told by the conductor to get the ticket, but he did not do so, and as soon as the conductor had finished his work of taking up tickets from the rest of the passengers, he returned to the plaintiff and made demand upon him for his ticket or his fare, and not receiving it, he forcibly ejected the plaintiff through the front door and in so doing inflicted some injuries upon him.

The conductor testified that when he came to the plaintiff and asked him for his fare, the plaintiff said the two men in the other part of the car had his ticket; that he told the plaintiff that he would have to get the ticket or he, the conductor, would have to put him off; that the plaintiff did not make a move to go back to get the ticket, and as soon as the car came to a stop at a telephone house on the line of the road, he put the plaintiff off the car.

The time that intervened from the first request made by the conductor for the plaintiff's ticket until the second demand was,

according to the conductor's testimony, about a minute or two.

It is contended on behalf of the plaintiff in error that it was the duty of the plaintiff to either produce his ticket or pay cash fare upon the demand of the conductor, and that the conductor had the legal right to eject him from the car, using such force as was necessary to accomplish that purpose.

It is undoubtedly the law that a railway company may rightfully eject from its car a passenger who, upon demand of the conductor, refused to produce his ticket or pay his fare, but the passenger is entitled to a reasonable time within which to comply with such demand. This is particularly true if the passenger has mislaid his ticket or lost his money, or from any other cause is in such a position that immediate compliance with the conductor's demand is not possible.

In *Nellis on Street Railways*, Section 263, the law is said to be as follows:

"A passenger is entitled to a reasonable time to produce his ticket or pay his fare before being ejected from the train or car, and if acting in good faith, the conductor has no right to eject him from the train or car without affording him a reasonable opportunity to make payment or to find and present his ticket, if lost or mislaid, or to provide other means of payment, if his pocketbook is lost or mislaid." See also *Clark* v. *Wilmington & Welvon R. R. Co.*, 91 N. C., 506; *Chicago & Alton R. R. Co.* v. *Willard*, 31 Ill. App. Ct., 435; *Maples* v. *N. Y. & New Haven R. R. Co.*, 38 Conn., 557.

The evidence before us in the bill of exceptions is such that the trial court might well have found that the conductor did not afford the plaintiff below reasonable opportunity to obtain his ticket. The car was crowded; the plaintiff was in the forward compartment while his companions who had the ticket were farther back in the car. The plaintiff did not understand English well, and there is nothing in the evidence to indicate that he was not acting in good faith. It was the duty of the conductor to afford the plaintiff a reasonable opportunity to get his ticket, and a finding that the conductor did not observe his duty in this respect would be amply sustained by the evidence.

There is also enough in the evidence to sustain a recovery on the ground that the conductor used excessive force, or at least did not employ proper means in ejecting the plaintiff from the car. The front door of the car out of which he was forcibly pushed, or thrown, was a considerable distance from the ground. There were no steps there and the plaintiff landed on his face and hands. We have no means of knowing on which theory the trial court based his judgment, but the evidence being sufficient to sustain the recovery on either theory, or on both combined, we find no error in the action of the municipal court in rendering judgment for the plaintiff there. The judgment of the common pleas court, affirming the judgment of the municipal court, is therefore affirmed.