The opinion of the Court was delivered by
Parsons, C. J.
In the writ, the plaintiff is named of Charlotte-Town, in Nova Scotia, in the dominions of the king of Great Britain, and the defendant is called of Boston, in this county. The action is transitory, the plaintiff counting on a promise made by the defendant to him at Charlotte-Town, to wit, at said Boston. The allegations in the plea to the jurisdiction are that the parties, at the time when the promise was made, were, ever since have been, and now are, aliens and subjects of the said king; and that the cause of action, if any, accrued to the plaintiff within the jurisdiction of the courts of the said king, and not within the jurisdiction of this Court. To this plea there is a demurrer and joinder.
A plea to the jurisdiction in a transitory action is proper when some court of the nation has jurisdiction of the cause of action, but not the court in which the suit is instituted. The plea must *23 therefore allege that some other court of the nation has jurisdiction. But if no court has jurisdiction of the cause of action, then, by the law of the land, the action cannot be maintained ; and the defendant may avail himself of this defence under a plea which goes to the action. We are, therefore, of opinion that the plea is bad; the defence, which the defendant intended to make, not being a legal foundation for a plea to the jurisdiction in this action.
Selfridge, for the plaintiff.
Pleas to the jurisdiction of this form have sometimes been made, and no exception being taken to the form, they have been considered upon their merits ; but they cannot be considered as a precedent of any authority. The defendant must answer farther.
If it should appear, on a trial of the merits, which seems to be aumitted by the plea, that the defendant, after the making * of the contract declared on, had removed to this state, [ * 27 ] and now dwells here, the Court will decide whether, by our laws, he is protected from all suits on contracts made with his fellow-subjects before his removal (2).
Defendant’s plea bad.

 Barrell vs. Benjamin, 15 Mass. 354.—Tingley vs. Bateman, 10 Mass 343.— Lawrence vs. Smith, 5 Mass. 362.—Gardner vs. Barker Trustees, 12 Mass. 36-. Jacob & Al. vs. Mellen Trustees & 14 Mass. 132.—Ed.]