## The Great Western Railway Company of Canada v. Alexander Miller.

*Venue : Jurisdiction in cases of torts committed abroad.* The jurisdiction of our Courts in actions for torts committed in foreign countries is undoubted; but its exercise can only be claimed as a matter of comity; and when by the pleadings, or on the trial, it appears that our tribunals are resorted to for the purpose of adjudicating upon mere personal torts, committed abroad, between persons who are all residents where the tort was committed, the Court may properly decline to proceed further.

*Pleading : Statutory damages.* When the liability of a party results from the violation of a foreign statute, a party relying on it in an action for damages on

19 MICH.—M².

such liability, must set out the statute and the facts showing a case within its provisions, in his declaration.

*Carriers of Passengers : Duties and liabilities of Railroad Companies and conductors to passengers.* A carrier of passengers is not required by the common law to put out a trespasser at one place rather than at another ; and while the law will not permit a person to be wantonly exposed to peril ; there is no rule which requires any consideration to be shown for the mere convenience of a wrong-doer.

A Railroad conductor represents the company in the whole management of his train ; his position is similar to that of master of a ship ; and in the expulsion of a passenger from the train, he will be regarded as acting in the line of his employment. But it does not follow that the responsibility of the company is the same as the conductor's. For aggravations that may arise out of his wantonness and malice, the employer will not stand on the same footing with the agent.—*Detroit Daily Post Company v. McArthur 16 Mich. 447.*

*Heard October 16 and 20.   Decided October 26.*

· Error to Wayne Circuit.

Action on the case for damages occasioned by the expulsion of the plaintiff below, from the cars of the defendants, at a point between Chatham and Belle River in Canada. Plea, the general issue. A verdict was rendered for the plaintiff of $3,000; and the judgment entered thereon is brought into this court by writ of error. The errors assigned are:

1. The Court erred in taking and exercising jurisdiction over the defendants, a foreign corporation, and in giving judgment against them in favor of a resident of Canada, a foreign province, for an alleged tort committed in such province.

2. The Court erred by subjecting the defendants, in an action brought and tried in Michigan, to a special liability, claimed to be created and to exist by virtue only of a statute of a foreign government, and not incident to or arising under the general duties or obligations of the defendants as common carriers, and not imposed upon them by the laws of the State of Michigan.

3. The Court erred in instructing the jury that at the time of the alleged ejection of plaintiff by defendants, said defendants were subject to and bound by said provisions of said statute.

4. The Court erred in charging the jury that " if the jury find that the plaintiff was put out of the defendants' cars, not at any usual stopping place, or not near any dwelling house, that the plaintiff is entitled to recover, even though he had no valid ticket, and had made no valid tender of his fare."

*Theodore Romeyn,* for plaintiffs in error.

The Railway Company were sued by Miller in the Circuit Court of Wayne County, for a tortious ejection of him by their conductor, in Canada. He was a resident of Canada. The wrong was committed in that province. The defendants were and are a foreign corporation. No contract was made in this State. None was violated here. No wrong was inflicted here. Yet the plaintiff, residing in the same sovereignty with the defendants, saw fit to sue them here for an alleged wrong committed there, and cognizable by the foreign court.

I. The defendants are not liable to the plaintiff in this action in this court. The plaintiff had no cause of action in Michigan. 1. The defendants are a foreign corporation, residing in Canada, and a citizen of that province.—*O. & M. R. R. Co. v. Wheeler, 1 Black, 286 ; Dennistown v. N. Y. & N. H. R. R. Co., 1 Hilton, 63.* 2. There is nothing in the rules of *comity,* or in our own legislation, requiring our courts to take cognizance of a case like the present.—*Fisk v. Chicago, etc., R. R. Co., 53 Barbour, 477.* 3. The rules of the *Common Law* do not require nor permit the exercise of jurisdiction for torts committed in a foreign jurisdiction by one non-resident on another, unless, perhaps, in the case where both parties are afterwards actually found within the jurisdiction. Here the defendants are non-residents, and, except by fiction of law, are not and never were within the State. See *Mostyn v. Fabrigas; Cowper, 176 ; Doulson v. Matthews, 4 Term, 503,*

to show the foundation of the rule allowing transitory actions to be brought in a foreign jurisdiction. The whole doctrine rests on fiction, and is unsound. As a matter of *policy* and *expediency*, the Courts of Michigan should not take cognizance of this class of cases.

But if we are to be governed by the rules as to the form and locality of actions, then we say that, under our statute, this action was not maintainable, for the reason that neither party to it resided in Wayne County.—*2 Comp. Laws, p. 1,187, §4,344.*

II. The Court erred in charging the jury that the defendants were liable in this State for the act of the conductor, under the circumstances of this case. The *gravamen* of the offense, under the charge of the Court, was the putting off of the plaintiff contrary to the Canadian statute, at an unusual place. The legal question is not complicated nor affected by any considerations growing out of special damages or hardships. It is presented nakedly and distinctly. 1. The act of Canada is perfectly explicit, and it is for the violation of *this act* by the conductor, that the defendants are sued. There is no pretense that defendants directed or sanctioned the tort. It was the deliberate, willful, wrongful act of its conductor. 2. The wrong consisted not in the *manner* of the removal under circumstances authorized by the company, but in removal at a place and under circumstances *not contemplated* by them, nor recognized by the statute. The act was no more that of the defendants, than if the conductor had forced the plaintiff to leap into the river in crossing from Windsor. The *authority* was, to remove at a usual stopping place or near a dwelling house. For the *manner* of exercising *this authority*, we may concede that the company should be liable for the act of its agent. When the removal was made *willfully* at *another* place, ·the act is the *unauthorized, willful wrong of the conductor.* 3. Under these circumstances we contend— *a.* The conductor is liable. *State v. Great Works Mill Co.,*

*20 Maine, 41; State v. Ross, 2 Dutcher, 224; Hillard v. Gould, 34 N. H., 230; b.* The company is not liable. *Crocker v. New London etc., R. R. Co., 24 Conn., 249; Thames Steamboat Co. v. R. R. Co., 24 Conn., 40; Story on Agency §§ 452, 455, 456; McManus v. Cricket, 1 East, 106; Illinois Central R. R. Co. v. Downey, 18 Ill. 259; Philadelphia, etc., Railway v. Wilt, 4 Wharton, 143; Fox v. Northern Liberties, 3 W. & S. 103; Richmond Turnpike Co. v. Vanderbilt. 1 Hill, 480; Vanderbilt v. Richmond Turnpike Co., 2 N. Y. 479, and cases there cited. Hibbard v. New York & Erie R. R. Co., 15 N. Y. 455; Weed v. The Panama R. R. Co., 17 N. Y. 362; Meyer v. The Second Avenue R. R. Co., 8 Bosworth, 305.'*

III. In no view of the case, as presented by this record, was the plaintiff entitled to recover. The defendants are not liable to him for removing him from their cars, if he intruded there, without paying or tendering his fare, at any place whatever, unless he sustained actual damages. 1. The statute of Canada is a proper regulation for the safety of passengers and the management of railroads, but it gives no right of action to any person. 2. The first three counts of the declaration aver no wrong to the plaintiff beyond the simple ejection, and no damages sustained, and there is nothing in the bill of exceptions to show any damages. 3. The theory of the charge of the Judge is—that the plaintiff could recover for simply being put off the cars, though himself a tresspasser.

This is not the law.—*See. 2 Red. on Railways, chap. 24, § 177, and cases there cited; Hagan v. P. & W. R. R., 3 R. I. 88.*

*D. B. & H. M. Duffield,* for defendant in error.

The first assignment of error goes to the jurisdiction of the Court.

The record shows that service of declaration was accepted by the Attorney of the defendants, their appearance

duly entered, and a plea of the general issue put·in ; that the parties went to trial on the merits, and that in the Court below no exception or objection to the jurisdiction of the Court was ever made or intimated. The objection to jurisdiction first appears in the assignment of errors.

I. It has long been settled by a series of authorities, both in England and in this country, that it is too late to raise a question of jurisdiction after appearance, trial and verdict.—*Mendyke v. Stint,* 2 *Mod. Reports,* 273 ; *Mostyn v. Fabrigas,* 2 *Cowp.* 166, 172 ; *Cook v. Champlain Transportation Co,* 1 *Denio* 91 ; *Maxfield v. Scott,* 17 *Vt.* 634 ; 3 *Haywood* 44 ; *Varney v. Vosch,* 3 *Hill, S. C.* 237 ; *Bobyshall v. Oppenheimer,* 4 *Wash. C. C. R.,* 482 ; *Barry v. Paige.* 10 *Gray* 398; *Campbell v. Wilson,* 6 *Texas,* 379 ; *Webb v. Goddard,* 46 *Maine,* 505 ; *Cahoon v. Harlow,* 7 *Allen,* 151, *Dart v. Farmer's Bk.,* 27 *Barb.,* 337 ; *Hall v. Molbey,* 13 *Geo.,* 318 ; *Conger v. Galena R. R.,* 17 *Wis.,* 477 ; *Brown v. Webber* 6 *Cush.* 564, 561 ; *Loomis v. Wadhams,* 8 *Gray* 561 ; *Burlingame v. Cole,* 13 *Gray,* 271 ; Certainly it is too late when it is first raised in this Court.—*Hale v. Lawrence,* 1 *Zab.,* 714; *Moulin v. Ins. Co.,* 4 *Zab., N. J.* 223 ; *Teakle v. Gibson,* 8 *Md. Rep.,* 70 ; *Daniels v. Street,* 15 *Ark., Rep.* 307; *Downer v. Shaw,* 22 *N. H.,* 287 ; 37 *N. H.* 9 ; *March v. E. R. Rd. Co.,* 40 *N. H,* 578, 582 ; *Clyde Plk. R. Rd. Co., v. Parker,* 22 *Barb.* 323 ;

II. The Court having once obtained jurisdiction of the parties in determining the liability of the defendants in respect to the alleged wrongs done the plaintiff, could properly take into consideration any statute to which defendants were amenable, at all affecting such liability, even though it were the statute of a foreign country—*Smith v. Elder* 3 *Johns. Rep.* 113 ; *Whitford v. Panama R. Rd.,* 23 *N. Y.* 471 ; *Crowley v. Same,* 30 *Barb.* 99.

This is an action *ex delicto,* and is transitory in its nature, and may be tried before any tribunal, whether home

or foreign,. which obtains jurisdiction over the parties; and the non-residence of either or both of the parties makes no difference, 1 Chitty Pl., 269. Lord Kaimes in Vol. 2 Principles of Equity, p. 326; De Le Vega v. Vianna, 1 Barn. and Ad. 287; Smith v. Bull, 17 Wend., 323; Walters v. Preeder, 3 Jones, (N. C.) Law R., 64; Miller v. Black, 2 Jones, (N. C.) 341; 11 Texas, Rep. 287; The N. &c. R. R. Co. v. Scholl, 16 Md. 331; Barrell v. Benjamin, 15 Mass. 354; Taunton & S. B. Turnpike v. Whiting, 9 Mass. 321; Roberts v. Knights, 7 Allen, 449.

The exact parallel of the case at bar is decided by the following cases:

Glen v. Hodges, 9 Johns. 67; Gardner v. Thomas. 14 Johns. 134; Johnson v. Dalton 1 Cow. 543; 18 Johns. 257; 7 Hill, 95; McIvor v. McCabe, 16 Abb. Pr. R., 319, s. c. in 26 How Pr. R.; Latourette v. Clark, 45 Barb, 327.

"Whatever would be a justification where the offense is committed, would be a justification where the offense is tried." Cowp., 173; It cannot be contended that the rights of the parties, as fixed by the laws of the country within whose limits the wrong was done, can be altered or varied by the locality where the action happens to be tried. For if this were so, then the rights incident to transitory, as distinguished from local actions, would cease to have any force. Rundle v. Delaware, etc., Canal, 1 Wallace, 275; Thayer v. Brooks, 17 Ohio R. 489; Donn v. Lippman, 5 Clark & Finnell 1, 13, 14; Story on Conflict of Laws, pages 744, 745, 746, 747, 758, and note.

III. The record does not show any such instructions to the jury by the Court, as is stated in the third assignment of errors, except as the same may be indirectly inferred from the charge of the Court, as expressed in the fourth assignment of errors. It probably is an oversight.

IV. The ejection of the plaintiff from the cars of defendants, at a place, and in a manner forbidden by a valid

and existing statute binding upon them, is sufficient to support plaintiff's action against them for damages. *C. B. & Q. R. Rd. Co., v. Parks, 18 Ill. 460 ; Stephen v. Smith, 29 Vt. 160 ; Terre Haute etc., R. Rd. Co. v. Vanatta, 21 Ill. 188 ; Illinois C. R. Rd. Co. v. Sutton, 42 Ill. 438 ; Ch. & Alton R. Rd. v. Flagg, 43 Ill.*

It will hardly be contended, either on the grounds of reason, or in the face of authority, that the conductor, and not the Company, is *alone* responsible for this wrongful act.

*P. & R. Railway v. Derby, 14 How. 468, 483 ; Lowell v. Boston, 23 Pick. 24 ; S. E. etc., v. European, etc., 24 Eng. Law and Eq. 513 ; Philada. v. Wilt, 4 Wharton 143 ; Maclin v. London 2. Exchq., 415 ; Sanford v. 8th Ave. R. Rd. Co., 23 N. Y., 343 ; Porter v. N. Y. C. R. Rd. 34 Barb., 353 ; 2 Hillard on torts, 390 ; St. Louis etc., R. Rd. Co., v. Dolby, 19 Ill. R., 353 ; State v. Chovin, 7 Iowa R 207 ; B. & O. R. Rd. v. Blocher, 27 Md. 277 ; N. Orleans R. Rd. Co., v. Allbriton, 38 Miss. 242 ; E. Counties Railway Co. v. Brown, 6 Exchq. 314 ; Crocker v. N. London Railway Co., 24 Conn. Rep. 249 ;* And this, even though the Conductor's conduct was wilful. *Redfield on Railways, 387, note 6 ; Weed v. Panama R. Rd. Co., 5 Duer, 193 ; E. & C. R. R. Co. v. Baum, 26 Ind., 70 ; Holmes v. Wakefield et al., 12 Allen, 580 ; Moore v. Fitchburg R. Rd. Co., 4 Gray, 465 ; Hewett v. Swift, 3 Allen, 422 ; Story on Conflict of Laws, § 540 et passim.*

CAMPBELL J.

Miller sued the Railway Company for damages on account of his expulsion from their cars, which he averred to have been done at a distance from any dwelling or usual stopping place. All of the counts in the declaration alleged him to have been a passenger who had complied

with all the conditions required to entitle him to be carried to end of his journey.

He stated on the trial that he then resided in Chatham, Ontario ; but in answer to an inquiry whether he was a citizen of Canada, said ·he was a native of Michigan and a citizen, as he supposed.

. . A statute of Canada was given in evidence providing that "any passenger refusing to pay his fare, and his baggage, may, by the conductor of the train and the servants of the company, be put out of the cars at any usual stopping place, or near any dwelling house, as the conductor elects, 'the conductor first stopping the train, and using no unnecessary violence."

Evidence was given and met by counter evidence, concerning the facts which would determine his right as a passenger.

The case was also. put to the jury on the claim that, even though not complying with his duties as such, he was entitled to damages for having been put off contrary to the statute, at a distance from any station or house. And on this the Court charged "that if the jury find that the plaintiff was put out of the defendants' cars, not at any usual stopping place, or not near any dwelling house, the plaintiff is entitled to recover, even though he had no ticket, and had made no valid tender of his fare." Error is assigned upon this ruling. The jury rendered a verdict of three thousand dollars against the defendants.

As the view we take of the. case will require a new trial, it will become necessary for us to consider all the principal questions presented, and which will be raised again unless now disposed of.

The liability for putting a person off from the cars at a ·distance from any dwelling, or station, is purely statutory, and no damages can be recovered for that specific grievance, unless the statutory provision is set out and a case made out under it by the pleadings. A carrier is not

required by the common law to put out a trespasser at one place rather than in another, and while the law will not permit a person to be exposed wantonly to peril, there is no rule which requires any consideration to be shown for the mere convenience of a wrong-doer. The Canadian statute was probably adopted on grounds of public policy, and to establish a general rule most likely to prevent suffering. But the privileges it confers depend entirely upon its provisions, and as we have no judicial knowledge of it, any one relying upon it must aver and prove it as a ground of recovery.

While in his special counts the plaintiff has alleged that he was expelled from the cars at a distance from any station or dwelling, he has not averred any thing to show that the law of Canada has made this a distinct grievance, and has not set up any cause of action depending upon it in whole or in part. He has throughout placed himself on the footing of a passenger rightfully in the cars, and entitled to complain of any expulsion whatever as wrongful.

The charge complained of, authorized him to recover, although he might have been on the cars without any pretense of right, and there is nothing in the declaration to warrant it.

It was urged on the hearing that the Railroad Company could not be held liable for any wrongful expulsion under this statute, because it would be the personal wrong of the conductor in violation of law, for which he must be held to have exceeded his known agency. And the same exemption was claimed for them from liability for any expulsion, unless under circumstances where they may be supposed to have authorized it by their instructions general or special. There is, however, so far as we have seen, no authority which would exempt them from some amount of responsibility for any wrongful expulsion of a passenger by a conductor. He represents them in the whole management of his train, and the power to do any serious mis-

chief is chiefly derived from their investing him with the control of this large agency. He occupies the same position as the master of a ship, and his action in the case supposed must be regarded as done in the line of his employment.

But it does not follow that the responsibility of his employers is the same as his. For those aggravations which may arise out of his wantonness and malice we have held that the employer is not on the same footing with the agent. The subject was discussed in *Detroit Daily Post Company v. McArthur, 16 Mich. R., 447.* This case does not seem to have been noticed on the trial, as we infer from the amount of the verdict, and the omission of counsel to cite it.

The voluntary appearance of the defendant below renders any discussion of the subject of the *venue* unnecessary. There can be no doubt that the locality of the trespass does not of itself oust the jurisdiction, where the Court has lawfully obtained control over the parties. But where the parties are not residents of the United States, and the trespass was committed abroad, the right of action in our courts can only be claimed as a matter of comity, and they are not compellable to proceed in such cases. It is not to be denied that much hardship is likely to arise where a person is called upon to defend himself against a charge arising out of transactions occurring at a distance, and out of the jurisdiction. Witnesses cannot always be compelled or induced to be present at the trial, and where a knowledge of localities becomes essential it is impossible to obtain a view by the jury. Questions of foreign law may, as in this case, become important elements of decision. We think that when by the pleadings, or upon the trial, it appears that our tribunals are resorted to for the purpose of adjudicating upon mere personal torts committed abroad, between persons who are all residents where the tort was committed, the inconveniences and the danger of injustice

attending the investigation of such controversies render it proper to decline proceeding further. The cases cited on the argument recognized the right to take this course, and we regard it as the correct one. We do not propose to lay down any rule as to other classes of cases before they arise. In the present case we think that the residence of the plaintiff below became material, and might properly be inquired into.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.