ST. LOUIS & S. F. R. CO. v. HALE.

(Court of Civil Appeals of Texas. Dallas. Jan. 18, 1913. Rehearing Denied Feb. 8, 1913.)

1. COURTS (§ 12*)—JURISDICTION—SUITS BETWEEN NONRESIDENTS.

The district court of G. county had jurisdiction of a suit by a nonresident against a foreign railroad corporation for personal injuries, where a domestic corporation owning the part of the line in the county was a mere subcorporation, and the foreign corporation completely controlled such line.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 32–36, 40, 41, 43, 45; Dec. Dig. § 12.*]

2. RAILROADS (§ 33*)—PROCESS—SERVICE.

Service on the conductor and ticket agent in the employ of a railroad company which was a mere subcorporation controlled by the defendant company was sufficient service on the defendant.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 70, 71; Dec. Dig. § 33.*]

Appeal from District Court, Grayson County; W. M. Peck, Judge.

Action by S. T. Hale against the St. Louis & San Francisco Railroad Company. From judgment for plaintiff, defendant appeals. Affirmed.

Andrews, Ball & Streetman, of Ft. Worth, and Head, Smith, Hare & Head, of Sherman, for appellant. Randell & Randell and B. L. Jones, all of Sherman, for appellee.

RAINEY, C. J. Appellee, a resident of the state of Oklahoma, instituted this suit against the appellant, alleging that defendant is incorporated under the laws of the state of Missouri, and operates a line of railway in

Oklahoma, Arkansas, and Grayson county, Tex., and that plaintiff was in the employ of defendant as a brakeman, and while in the performance of his duties was through the negligence of the defendant seriously and permanently injured; that plaintiff was injured at the town of Arkinda; that he was rear brakeman on a freight train, and while attempting to unload a heavy metal shaft with two metal wheels fastened at one end, on account of the negligence of the conductor, Cook, who was assisting plaintiff in unloading said freight, the cotter key on the shaft caught in plaintiff's glove, throwing him from the car and injuring him. After a motion to quash service was overruled, defendant answered by general denial, contributory negligence, assumed risk, and that, if plaintiff was injured, it was through no negligence of defendant, but was the result of an accident. A trial resulted in a verdict for plaintiff in the sum of $3,750, and defendant appeals.

[1] The contention that the court erred in assuming jurisdiction over this controversy, for the reason that appellant was a foreign corporation and was not doing business in Texas, and the appellee was a nonresident of the state of Texas, is not concurred in by this court. In the case of St. L. & S. F. R. R. Co. v. Arms, 136 S. W. 1164, where this appellant was the same in that case, and where the same question of jurisdiction was an issue, this court held that jurisdiction was properly assumed by the district court of Grayson county, and we adhere to the ruling therein made.

[2] The contention of appellant is that there was no proper service made on the defendant, and the court erred in not quashing the citation. Service of citation was made on I. F. McCaughan, conductor, and S. E. Peacock, ticket agent. The facts show that said conductor and said ticket agent were ostensibly in the employ of the St. Louis, San Francisco & Texas Railroad Company, but we think the facts further show that the latter road was a mere subcorporation, and controlled by appellant. Under similar facts the Supreme Court and this court have held that, "when one corporation makes use of another as its instrument through which to perform its business, the principal corporation is really represented by the agents of the subcorporation, and its liability is just the same as if the principal corporation had done the business in its own name." Buie v. Railway Co., 95 Tex. 51, 65 S. W. 27, 55 L. R. A. 861; Railway Co. v. Arms, 136 S. W. 1164; Railway Co. v. Kiser, 136 S. W. 852; Railway Co. v. Sizemore, 53 Tex. Civ. App. 491, 116 S. W. 403.

The other assignments relate to alleged errors in the charge of the court and the refusal to give charges requested by appellant. We find no error in the court's charge, nor in the refusal to give special charges. In so far as the special charges were applicable, they were sufficiently covered by the main charge.

Finding no reversible error in the record, and the evidence supporting the judgment, it is affirmed.