## LOUISIANA WESTERN RY. CO. v. CONQUES et al. (No. 847–4920.)

Commission of Appeals of Texas, Section B.
Nov. 28, 1928.

Baker, Botts, Parker & Garwood and Garrison & Watson, all of Houston, for plaintiff in error.

S. P. Jones, Barret Gibson, and Franklin Jones, all of Marshall, for defendants in error.

LEDDY, J. This appeal involves the sufficiency of the service of process upon plaintiff in error, a nonresident railway corporation incorporated under the laws of Louisiana. Service was had upon W. R. Scott, president of said company, who was also president of the Southern Pacific lines, maintaining a general office in Houston, Tex., and his private office as president of the Louisiana Western Railway Company in the city of New Orleans, La. It appears that all business executed in Texas by Mr. Scott as president of the Louisiana Railway Company is done in Houston, Tex., where he resides, either by correspondence through United States mail or by telegraph, with officials of the Louisiana Western Railway Company located in New Orleans, La. The record shows an agreement that the Louisiana Western Railway Company was not doing, as a common carrier of either passengers or freight, any business within the state of Texas, unless the following facts constitute doing such business:

"That all freight trains operated by the Louisiana Western Railway Company, originating in the State of Louisiana and destined to points in the State of Texas, are by the crew or employés of the Louisiana Western Railway Company brought to the center of the Sabine River and said trains are carried across the Sabine River to the west side and are delivered to the employés of the Texas & New Orleans Railway Company.

"That when the employés of the Texas & New Orleans Railway Company carry a freight train from the state of Texas, destined to the points in Louisiana, that the employés of the Texas & New Orleans Railway Company take the train to the Sabine River and that the employés of the Louisiana Western Railway Company take said train and carry it to its destination within the State of Louisiana.

"That no charges are paid to the employés of the Louisiana Western Railway Company in carrying the train from the center of Sabine River to the west side of the river; that on the west side of Sabine River there are side tracks owned by the Texas & New Orleans Railroad Company, as well as the main line, and that trains originating in Louisiana are carried across the river and there turned over, on the west side of the river on the main line, to the employés of the Texas & New Orleans Railroad Company, and that the train is placed on one of the side or switch tracks by the employés of the Louisiana Western Railway Company and there accepted by the employés of the Texas & New Orleans Railroad Company.

"That all functions executed in Texas by Mr. W. R. Scott, as President of the Louisiana Western Railway Company, are performed in Houston, Texas, by correspondence with officials of the Louisiana Western Railway Company located in New Orleans, Louisiana, either by U. S. mail or by telegraph."

It is well established that it is essential to the validity of service upon a nonresident corporation that such corporation shall be doing business within the state and that the service be upon an agent representing the corporation with respect to such business.

Peterson v. Chicago, R. I. & P. Ry. Co., 205 U. S. 364, 27 S. Ct. 513, 51 L. Ed. 841; Conley v. Mathieson Alkali Works, 190 U. S. 406, 23 S. Ct. 728, 47 L. Ed. 1113; Goldey v. Morning News, 156 U. S. 518, 15 S. Ct. 559, 39 L. Ed. 517. Plaintiff in error insists that under the facts shown it was not doing business within this state so as to render it amenable to the jurisdiction of the courts of this state under process served upon its president, and relies to sustain this proposition upon the cases of Peterson v. Chicago, R. I. & P. Ry. Co., 205 U. S. 364, 27 S. Ct. 513, 51 L. Ed. 841; Atchison, T. & S. F. Ry. Co. v. Weeks (C. C. A.) 254 F. 513; A. T. & S. F. Ry. Co. v. Stevens, 109 Tex. 262, 206 S. W. 921, chief reliance being placed upon the decision in the Peterson Case.

We think the facts of this case readily distinguish it from the Peterson Case, or the other cases relied upon. In that case it was shown that the employés of the Chicago, Rock Island & Pacific Railway Company did not operate any trains within the state of Texas; that the employés operating the freight and passenger trains of said company under an agreement with the Chicago, Rock Island & Pacific Railway Company automatically became the employés of the Texas Rock Island Company when the trains operated by them reached the state line, and that after that time, such employés were paid for their services and were under the exclusive direction and control of the Texas Rock Island Company, and that a similar rule prevailed with outgoing freight and passenger trains, the employés of the Texas Rock Island Company becoming automatically the employés of the nonresident company upon reaching the north line of the state of Texas.

In this case the undisputed facts show that the employés of the Louisiana Western Railway Company operate freight and passenger trains for and on behalf of said company from the state line in the center of the Sabine river to the west bank thereof, and onto the sidings of the Texas & New Orleans Railway Company on the west bank of said river, within the state of Texas, and that the plaintiff in error receives freight and passengers within the state of Texas on the west bank of the Sabine river, and transports them with its own employés within the state of Texas to the state line in the center of the river and on to destination.

We find this statement in the petition for writ of error:

"The Louisiana Western Railway Company paid its crew only for services to the center of the Sabine River. The services rendered by the crew on the west bank of the Sabine River were paid for not by the Louisiana Western Railway Company, but by the Texas & New Orleans Railway Company."

The latter sentence is an erroneous statement of the record, as no such fact anywhere appears, the agreed statement of facts merely showing that there were no charges paid the employés of the Louisiana Western Railway Company for their services in carrying its trains from the center of the Sabine river to the west side of the river, and the record is silent as to whether such employés are paid for their services in operating plaintiff in error's trains from the west bank of the river to the state line in the center thereof. There is not even an intimation that such employés are paid for any of these services by the Texas & New Orleans Railway Company. If the statement made in the petition for writ of error were correct, undoubtedly this case would be brought within the rule announced in the cases relied upon. All that is shown in the record as to the compensation paid crews operating such trains in Texas is "that no charges are paid to the employés of the Louisiana Western Railway Company carrying trains from the center of Sabine River to the west side of the river." It would very materially affect the legal question involved if the Texas & New Orleans Railway Company paid the employés of the Louisiana Western Railway Company for the specified services. On the other hand, we think it is wholly immaterial whether the employés of the Louisiana Western Railway Company are paid any compensation for their services in operating trains from the center of Sabine river to the west bank thereof or from the west bank to the state line, as the question as to whether such company is doing business in this state so as to render it amenable to the jurisdiction of our courts is not to be determined by the fact as to whether it pays its employés anything for such services. The question is: Was the company doing, within the state of Texas, the business for which it was chartered, that is, the transportation of freight and passengers? In view of the fact that its trains, operated by its own employés, carry freight and passengers for an appreciable distance within this state and receive freight and passengers within the state for transportation beyond the state line, it can fairly be held to be doing business in this state.

It clearly appears that Mr. Scott, as the president and directing officer of said company, controls and directs the operation of trains operated by said railway company carrying freight and passengers within the state of Texas. The orders given by him in the management of said railway apply as much to that part of the operation which occurs in Texas as any other part of the line. The employés of such company who operate the trains which haul freight and passengers in Texas are under the direction and control of such president through orders given by him from his office within the state of Texas. We cannot assume that when the trains of said railway company reach the state line in

the center of the Sabine river the employés operating the same are no longer directed or controlled by the president of said railway. The necessary operation of said railway, and the carrying on of the business for which it was chartered, require that the authority of the principal officer of the corporation should extend over its employés as to all services rendered by them. Inasmuch as such employés are directed and controlled within the state of Texas by the president of the railway company who resides here and who maintains an office within the state, we think this case is brought well within the rule announced in the case of St. Louis Southwestern R. Co. of Texas v. Alexander, 227 U. S. 218, 226, 33 S. Ct. 245, 57 L. Ed. 488; hence service of process upon such president under our statute was sufficient to confer jurisdiction upon the district court of Harris county, in which this suit was brought.

We therefore recommend that the judgment of the Court of Civil Appeals, reversing and remanding the judgment of the trial court dismissing the cause for want of jurisdiction, be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.