Theodore R. FLAIZ et al., Appellants,

v.

Jack Bernard MOORE, Sr., et al., Appellees.

No. 13850.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 3, 1962.

Rehearing Denied Jan. 31, 1962.

J. G. Hornberger, Laredo, for appellants.

Elmore H. Borchers, R. J. Goodman, Laredo, for appellees.

POPE, Justice.

This is an action upon a foreign transitory tort brought in Texas by non-resident plaintiffs against non-resident defendants. It is a pure case of forum non conveniens. The trial court sustained a plea to the jurisdiction and dismissed the action. Plaintiffs have appealed. Plaintiffs, Theodore R. Flaiz and wife, and Henry Benson and wife, are residents of Maryland. Defendant Jack Bernard Moore, Sr., is a resident of Arkansas, and defendant Jack Bernard Moore, Jr., is a resident of Oklahoma, where he was served with non-resident notice. The action is for personal injuries sustained in an automobile collision which occurred in the State of South Dakota. Plaintiffs filed suit in Webb County, Texas, and served Jack Moore, Sr., while he was temporarily in Texas.

Whether a court has jurisdiction over a foreign tort and, if it has, whether it should exercise it, are confusing and troublesome problems. Stumberg, Foreign Created Rights, 8 Tex.L.Rev. 173, 184, et seq.; Stumberg, Conflicts of Laws, 9 Tex.L.Rev. 21, 35. At least a part of the confusion in the law arises out of a failure to distinguish the party problem from the subject matter problem. The questions suggested by the two problems are different. The problem with respect to parties calls for an examination of the extent of the party contact with the forum. The problems with respect to the subject matter require decisions whether the imported foreign law is substantive or adjective law, whether the forum's judicial machinery is capable of

handling the foreign law, and whether the foreign law is offensive to the forum's public policy.

Mr. Justice Cardozo, in the celebrated case of Loucks v. Standard Oil Co., 224 N.Y. 99, 120 N.E. 198, 201, observed this difference between the problems. He first decided the matter of party contact with the forum by stating, "Sometimes we refuse to act where all the parties are non-residents * * *. That restriction need not detain us; in this case all are residents." He next considered whether "the cause of action in its nature offends our sense of justice or menaces the public welfare."

What is the extent of the party contact with the forum? Logically, this should be the first determination, for if the nexus between the parties and the forum is so tenuous and ephemeral that the forum, Texas in this instance, has no interest and no Constitutional obligation, its refusal to exercise its jurisdiction is the end of the matter, and discussion about the strangeness of the foreign law becomes immaterial. The second problem is never reached. It is in connection with the party situation that the doctrine of forum non conveniens had its origin. It was applied in Scottish Courts during the seventeenth century, and was developed into a settled rule of practice during the next century. American Courts independently developed the rule sometime later. Barrett, Forum Non Conveniens, 35 Cal.L.Rev. 380, 386–388. Its original application was limited to instances in which all parties were non-residents. In this country it was applied to similar instances, as where the parties were all aliens. Rea v. Hayden, 3 Mass. 24, 25 (1807); Great Western Ry. Co. of Canada v. Miller, 19 Mich. 305 (1869); Barrett, supra, p. 387.

When all parties are non-residents, a court in the exercise of a guarded discretion may refuse to exercise jurisdiction, although it has what Justice Holmes called physical power over the parties. McDonald v. Mabee, 243 U.S. 90, 91, 37 S.Ct. 343, 61 L.Ed. 608. It may do this by considering the convenience to the parties and the court. Mr. Justice Jackson, in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, wrote about such a fact situation and dismissed the action. In doing so he stated that the doctrine of forum non conveniens presupposes at least two forums in which the defendant is amenable to process. Accord, Koster v. (American) Lumbermens Mutual Cas. Co., 330 U.S. 518, 67 S.Ct. 828, 839, 91 L.Ed. 1067. In the Gilbert case, where the action was dismissed, the parties were non-residents of the forum. In Hughes v. Fetter, 341 U.S. 609, 71 S.Ct. 980, 95 L.Ed. 1212, decided a short time later, where dismissal was error, the parties were all residents of the forum. Currie, The Constitution and the "Transitory" Cause of Action, 73 Harvard L.Rev. 36, 62, 76. The party connection with the forum, therefore, is significant, and was historically the primary consideration and basis for the court's application of the doctrine. 2 Harper & James, The Law of Torts, § 30.1.

Forum non conveniens is recognized in Texas. Forcum-Dean Company v. Missouri Pacific Railroad Company, Tex.Civ. App., 341 S.W.2d 464. The early case of Morris v. Missouri Pac. Ry. Co., 78 Tex. 17, 14 S.W. 228, 9 L.R.A. 349, distinguished cases in which the contacts between the party and the forum were absent, from those in which the contacts were strong. In commenting upon transitory actions between non-residents, the Court there said, "these facts would justify the court in refusing to entertain jurisdiction." Mr. Justice Fly of this Court, also stated, in a case involving non-residents, " * * * had the district court, in the exercise of a sound discretion, refused to entertain jurisdiction of the case at all, this court would not have felt called upon to review its action." Southern Pac. Co. v. Graham, Tex.Civ.App., 34 S.W. 135; 21 C.J.S. Courts § 77. This is the classic view which culminates in the Gilbert case, where Mr. Justice Jackson lists the criteria of public and private con-

veniences which a court may weigh in refusing jurisdiction.[1]

Some courts have declined jurisdiction if one of the parties is a non-resident. The question, however, is still the strength of the contact between the forum and the parties. Texas has stayed close to the original meaning of the doctrine, partywise. Texas has refused to dismiss upon principles of forum non conveniens when there is even a slight connection between the parties and the forum, as in cases where one of the parties is a resident of Texas, or is doing business in Texas, or has a permit to do business in Texas. Conques v. Louisiana Western Ry. Co., Tex.Civ.App., 295 S.W. 935, affirmed Tex.Com.App., 10 S.W.2d 975; St. Louis & S. F. Ry. Co. v. Hale, Tex.Civ. App., 153 S.W. 411, affirmed 109 Tex. 251, 206 S.W. 75; El Paso & S. W. Co. v. Chisholm, Tex.Civ.App., 180 S.W. 156; Southern Pacific Co v. Allen, Tex.Civ.App., 106 S.W. 441; Southern Pacific Co. v. Craner, Tex.Civ.App., 101 S.W. 534, 535; Sorkin v. Houston, E. & W. T. Ry. Co., Tex.Civ.App., 53 S.W. 608; Western Union Telegraph Co. v. Phillips, Tex.Civ.App., 21 S.W. 638. Corporate contact with the forum has been sufficient if the corporation does business in or has a permit to do business in Texas. Allen v. Bass, Tex.Civ. App., 47 S.W.2d 426; Southern Pac. Co. v. Godfrey, Tex.Civ.App., 107 S.W. 1135; Missouri, K. & T. Ry. Co. of Texas v. Godair Commission Co., Tex.Civ.App., 87 S.W. 871; Missouri, K. & T. Ry. Co. of Texas v. Kellerman, Tex.Civ.App., 87 S.W. 401; Atchison, T. & S. F. Ry. Co. v. Keller, Tex.Civ.App., 76 S.W. 801; Southern Pacific Co. v. Graham, Tex.Civ.App., 34 S.W. 135; 48 A.L.R.2d 819, 824. In the case of private corporations, certain Texas statutes settle the matter of party contact. H. Rouw Co. v. Railway Exp. Agency, Tex. Civ.App., 154 S.W.2d 143; 20 Tex.L.Rev. 609. In contrast with the discretionary powers of the court in the pure forum non conveniens situation when all parties are non-residents, we can deduce this rule, which applies when either the plaintiff or defendant is a resident, "a different problem is present as to both the power to refuse and the policy of refusing to entertain jurisdiction than when neither party is a resident or a citizen." 14 Am.Jur., Courts, § 233; 48 A.L.R.2d 808; 32 A.L.R. 26;

---

1. "If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

"Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S. Ct. 839, 91 L.Ed. 1055; 48 A.L.R.2d 816.

Blaustein v. Pan American Petroleum & Transport Co., 174 Misc. 601, 21 N.Y.S.2d 651, 706. Because the Texas Courts have held to the original meaning and application of the doctrine of forum non conveniens with respect to parties, some writers have looked to Texas cases where the contacts were stronger and where the doctrine was not historically applicable, and have erroneously concluded that Texas has rejected the rule entirely. Barrett, The Doctrine of Forum Non Conveniens, 35 Cal.L.Rev. 380, 388; 48 A.L.R.2d 811.

 If a court concludes that the party contact is too thin to justify the court to exercise its jurisdiction, that is reason to dismiss the case. If, however, the party contact is sufficiently strong to justify the court to retain jurisdiction, the court will then look to the subject matter involved in the foreign tort and may still find reasons for a dismissal. If Texas has been slow to enlarge upon the original meaning of foreign non conveniens as applied to parties, it has been in the forefront in refusing jurisdiction based upon the strangeness of the foreign law. Since it is the foreign law which is applied in a transitory tort action, Texas has closed its courts to foreign cases when it deems the Texas judicial machinery inadequate to the nature of the foreign law. Mexican National Ry. Co. v. Jackson, 89 Tex. 107, 33 S.W. 815, 31 L.R.A. 276; Slater v. Mexican Nat. R. Co., 194 U.S. 120, 24 S.Ct. 581, 48 L.Ed. 900; El Paso & Juarez Traction Co. v. Carruth, Tex.Com. App., 255 S.W. 159; Carter v. Tillery, Tex. Civ.App., 257 S.W.2d 465; Johnson v. Employers Liability Assurance Corporation, Tex.Civ.App., 99 S.W.2d 979, 983. It will close its courts if it considers the foreign law offensive to the Texas public policy.

State of California v. Copus, 158 Tex. 196, 309 S.W.2d 227, 67 A.L.R.2d 758. See, Cuba R.R. Co. v. Crosby, 222 U.S. 473, 478, 32 S.Ct. 132, 56 L.Ed. 274; Dainow, Policy Problems in Conflicts Cases, 35 Tex.L.Rev. 759; Paulsen, Foreign Law in Texas Courts, 33 Tex.L.Rev. 437; Stumberg, Conflict of Laws, 9 Tex.L.R. 21; 11 Am.Jur., Conflicts of Law, § 6. In making this determination, courts exercise less discretion than they do in determining the earlier question of party contact with the forum. Here the matter is controlled by the precedents on conflicts of law cases, the same as in any other field of the law. 2 Goodrich, Conflict of Laws (3rd Ed. 1949) 11–12. The test is not so much one of convenience as it is whether the foreign law is "substantially the same right of action" as that offered by Texas. De Harn v. Mexican National Ry. Co., 86 Tex. 68, 23 S.W. 381. Stated otherwise, is the foreign statutory law "materially different from the law of this state in relation to the same subject?" Mexican Nat. R. Co. v. Jackson, 89 Tex. 107, 33 S.W. 857, 859, 31 L.R.A. 276; St. Louis, I. M. & S. R. Co. v. McCormick, 71 Tex. 660, 9 S.W. 540, 1 L.R.A. 667; Texas & Pacific Ry. Co. v. Richards, 68 Tex. 375, 4 S.W. 627. Applied to this case, the defendants urge that the trial court correctly dismissed the case because it would require Texas to apply the statutory South Dakota Law with respect to comparative negligence,[2] which has been condemned in Texas. Blakesley v. Kirchner, Tex.Com.App., 41 S.W.2d 53, 55; Missouri, K. & T. Ry. Co. of Texas v. Rodgers, 89 Tex. 675, 36 S.W. 243; McDonald v. International & G. N. Railway Co., 86 Tex. 1, 22 S.W. 939; International & G. N. R. Co. v. Garcia, 75 Tex. 583, 13 S.W. 223. See, Stumberg, Conflicts of Laws, 9 Tex.L.Rev. 21, 35.

2. SDC 1960 Supp. "47.0304–1. Comparative negligence. In all actions brought to recover damages for injuries to a person or to his property caused by the negligence of another, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison but the contributory negligence of the plaintiff shall be considered by the jury in the mitigation of damages in proportion to the amount of contributory negligence attributable to the plaintiff; and all questions of negligence and contributory negligence shall be for the jury."

Texas has, however, applied the doctrine in maritime actions under the Texas Wrongful Death Act, Vassallo v. Nederl-Amerik Stoomv Maats Holland, Tex., 344 S.W.2d 421, 424; and to actions under the Federal Employers' Liability Act. Thompson v. Robbins, 157 Tex. 463, 304 S.W.2d 111. See, 2 Beale, The Conflict of Laws, § 385.2; 9 Stayton, Texas Forms, § 5038, p. 444; 11 Am.Jur., Conflicts of Law, § 189; 32 A.L.R. 801; 48 A.L.R.2d 1268.

Looking at the first of the principles suggested, we learn that this case is one of the classic instances in which all parties are non-residents. It is a case of the original forum non conveniens as historically developed. That fact at once distinguishes those cases in which one of the parties had a stronger connection with the forum, as well as those cases which would require us to compare the virtues of the foreign and the forum law. The trial court did not abuse its discretion in dismissing the action. 14 Am.Jur., Courts, § 234.

The judgment is affirmed.