**FORCUM–DEAN COMPANY, Appellant,**

v.

**MISSOURI PACIFIC RAILROAD COMPANY, Appellee.**

No. 13661.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 16, 1960.

Ward & Brown, Corpus Christi, for appellant.

Sharpe & Hardy, Brownsville, Hutcheson, Taliaferro & Hutcheson, Houston, for appellee.

BARROW, Justice.

This is a suit by appellant, Forcum-Dean Company, a partnership composed of citizens of Colorado, against appellee, Missouri Pacific Railroad Company, for damages to cantaloupes shipped in 1957 from Avondale, Colorado, to New York City. The defendant answered by a plea invoking the

doctrine of forum non conveniens. The trial court heard evidence on the plea and thereafter sustained the plea and dismissed the case. Subsequently the trial court filed findings of fact and additional findings of fact and conclusions of law.

Appellant bases this appeal upon one point: "The trial court erred in dismissing the case." Under this point, two distinct contentions are presented. Appellant first contends that the doctrine of forum non conveniens does not apply in Texas. Secondly, it contends that the doctrine does not apply in this case because appellee is a railroad corporation and consequently is domiciled in Texas. We shall consider the second contention first.

Appellant contends that by reason of Chapter 2, Title 112, Vernon's Ann.Civ. Stats., railroad corporations are required to be and are domiciled in Texas. We do not agree with that contention.

The Missouri Pacific Railroad Company is a railroad corporation composed of a number of railroad lines merged under an order of the Interstate Commerce Commission in connection with a reorganization plan, which order provided that the corporation's general office should be located in St. Louis, Missouri. The merger was approved notwithstanding the objection of the State of Texas relying upon Title 112, as appellant does here. Inconsistent State laws must give way to consolidations effected under authority of the Commerce or Bankruptcy powers of the federal constitution. Texas v. United States, 292 U. S. 522, 54 S.Ct. 819, 78 L.Ed. 1402. Therefore, it is clear that appellee is a foreign corporation, notwithstanding the fact that it actually has offices and agents in the State of Texas and does business therein. The fact that a corporation has a permit to do business in the State does not make it a citizen. H. Rouw Co. v. Railway Exp. Agency, Tex.Civ.App., 154 S.W.2d 143.

This brings us to a consideration of appellant's first contention, which is the principal question presented, which we think is of vital importance to the judiciary of the State, and on which our judgment in the case depends. The question is: Did the trial court have any discretion to exercise in dismissing the case, or, having jurisdiction, was he required to try the case? The facts of the case are not in dispute.' It is not disputed that the court had both potential and actual jurisdiction; nor is it disputed that the facts in the case are such as would justify the court in exercising his discretion in dismissing the case under the rule of forum non conveniens. The rule is also applicable, as both parties are, noncitizens of the State; the action is transitory; the shipment went from the State of Colorado to the State of New York, and did not pass through or enter the State of Texas. The sole question is, Does the rule apply in Texas? We think that it does.

The rule is of ancient common law origin and has been recognized and applied in the Federal Courts and in the courts of most of the States. It is based upon broad considerations of convenience, justice, public policy, and due regard for the rights of citizens. The purpose of and reason for its application have been well stated in H. Rouw Co. v. Railway Exp. Agency, supra.

While the rule has been applied in Texas only on rare occasions, its applicability has been recognized in Texas in a clear line of authorities since the early case of Morris v. Missouri Pacific R. Co., 78 Tex. 17, 14 S.W. 228, 9 L.R.A. 349. See, Mexican National Ry. Co. v. Jackson, 89 Tex. 107, 33 S.W. 857, 31 L.R.A. 276; El Paso & Juarez Traction Co. v. Carruth, Tex.Com. App., 255 S.W. 159; H. Rouw Co. v. Railway Exp. Co., supra; Allen v. Bass, Tex. Civ.App., 47 S.W.2d 426; Missouri K. & T. Ry. of Texas v. Godair Commission Co., Tex.Civ.App., 87 'S.W. 871; Southern Pacific Co. v. Graham, 12 Tex.Civ.App. 565, 34 S.W. 135; Western Union Tel. Co. v. Russell, 12 Tex.Civ.App., 82, 33 S.W. 708; Western Union Tel. Co. v. Phillips, Tex. Civ.App., 30 S.W. 494.

Appellant relies on the following cases: St. Louis & S. F. R. Co. v. Hale, Tex.Civ. App., 153 S.W. 411, affirmed 109 Tex. 251, 206 S.W. 75; H. Rouw v. Railway Exp. Agency, Tex.Civ.App., 154 S.W.2d 143; Southern Pacific Co. v. Godfrey, 48 Tex. Civ.App. 616, 107 S.W. 1135; Atchison, T. & S. F. Ry. Co. v. Sowers, Tex.Civ.App., 99 S.W. 190; Missouri, K. & T. Ry. Co. of Texas v. Godair Com. Co., Tex.Civ.App., 87 S.W. 871; Mexican Central Ry. Co. v. Mitten, 13 Tex.Civ.App. 653, 36 S.W. 282.

■ In the interest of brevity, we shall not discuss all these cases in detail; we do not say that all the cases listed above which recognized the rule actually applied it under the facts there presented. We have carefully considered all the authorities cited by appellant. None of such cases even remotely suggest that the doctrine of forum non conveniens is not applicable in Texas. Most of the cases simply hold that the court has jurisdiction and do not touch on the court's discretion to refuse to take jurisdiction under the rule. The rule does not apply at all unless it is first determined that the court has jurisdiction. The two cases which did discuss the rule are the Godair case and the Rouw case. In the Godair case the court recognized the application of the rule, but held that inasmuch as the trial court, in the exercise of its discretion, had taken jurisdiction and tried the case, the appellant was not in a position to complain.

Appellant relies strongly on the case of H. Rouw Co. v. Railway Express Agency, supra. We do not believe that the holding in that case supports its contention. It is true that the judgment of the trial court dismissing the case under the rule was reversed, but in so doing the Court expressly held that the rule does apply in Texas, in the following language [154 S.W.2d 145]:

"It has been held in other states, as well as Texas, that a court may disregard the rules of comity and in the exercise of a sound discretion decline to exercise the jurisdiction acquired by the service of process within the forum.

There are a number of Texas cases supporting this view, notably among which is Mexican National Ry. Co. v. Jackson, 89 Tex. 107, 33 S.W. 857, 31 L.R.A. 276, 59 Am.St.Rep. 28."

The Court, however, held that the rule could not be applied because the statutes, Arts. 1320 and 1532, Vernon's Ann.Civ. Stats., gave to foreign corporations holding permits to do business in Texas, the absolute right to bring and maintain suits in the courts of this state, involving either intrastate or interstate transactions. It was upon these statutes alone that the decision rested.

■ The United States Supreme Court in passing upon the doctrine in Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S. Ct. 839, 841, 91 L.Ed. 1055, said:

"This Court, in one form of words or another, has repeatedly recognized the existence of the power to decline jurisdiction in exceptional circumstances. As formulated by Mr. Justice Brandeis the rule is: 'Obviously, the proposition that a court having jurisdiction must exercise it, is not universally true; else the admiralty court could never decline jurisdiction on the ground that the litigation is between foreigners. Nor is it true of courts administering other systems of our law. Courts of equity and of law also occasionally decline, in the interest of justice, to exercise jurisdiction, where the suit is between aliens or non-residents or where for kindred reasons the litigation can more appropriately be conducted in a foreign tribunal.' Canada Malting Co. v. Paterson Steamships, 285 U.S. 413, 422, 423, 52 S.Ct. 413, 76 L.Ed. 837, 842, 843.

"We later expressly said that a state court 'may in appropriate cases apply the doctrine of forum non conveniens.' Broderick v. Rosner, 294 U.S. 629, 643, 55 S.Ct. 589, 79 L.Ed. 1100, 1107, 100 A.L.R. 1133; Williams v. State of

North Carolina, 317 U.S. 287, 294, note 5, 63 S.Ct. 207, 87 L.Ed. 279, 283, 143 A.L.R. 1273. Even where federal rights binding on state courts under the Constitution are sought to be adjudged, this Court has sustained state courts in a refusal to entertain a litigation between a nonresident and a foreign corporation or between two foreign corporations. Douglas v. New York, N. H. & H. R. Co., 279 U.S. 377, 49 S.Ct. 355, 73 L.Ed. 747; Anglo-American Provision Co. v. Davis Provision Co., 191 U.S. 373, 24 S.Ct. 92, 48 L.Ed. 225."

Having concluded that the rule does apply in Texas, the trial court had the authority under the facts to dismiss this case.

The judgment is affirmed.