**Elaine R. COLE, Appellant,**

v.

**Sidney LEE, Appellee.**

**No. 17108.**

Court of Civil Appeals of Texas.

Dallas.

Nov. 15, 1968.

Rehearing Denied Dec. 20, 1968.

Anthony Atwell, of Atwell, Grayson & Atwell, Dallas, for appellant.

H. Louis Nichols, of Saner, Jack, Sallinger & Nichols, Dallas, for appellee.

BATEMAN, Justice.

Our former opinion is withdrawn and the following substituted therefor.

The appellant Elaine R. Cole appeals from an order of the trial court dismissing her suit under the doctrine of *forum non conveniens*. She sued the appellee Sidney Lee, her former husband, to set aside portions of a "Property Settlement and Separation Agreement" entered into between

them, for specific performance of other portions of the agreement, for damages, and to recover her half interest in the Texas real estate they had accumulated during their marriage. The appellee, having been served in the Virgin Islands with citation in the present suit, filed a special appearance pursuant to Rule 120a, Vernon's Texas Rules of Civil Procedure, wherein he asserted that, because the divorce proceedings had been in the Virgin Islands, where both parties then resided and still reside, and where the attorneys on both sides of the divorce case reside, and where the property settlement agreement was entered into, and where the records with regard to the making of the property settlement agreement and with regard to the property owned by the parties are maintained, the court should decline, under the doctrine of *forum non conveniens*, to exercise jurisdiction over the property of the parties or over the person of appellee. The trial court sustained the motion and dismissed the suit.

By three points of error on appeal, the appellant says this action of the court was erroneous: (1) because this is a suit *in rem* to recover title to Texas real estate, and that the doctrine of *forum non conveniens* is only applicable, if at all, to transitory actions; (2) because the trial court had full authority and jurisdiction to hear the case by virtue of Vernon's Ann.Civ. St., Art. 1975, which removed any discretion which the trial court may have previously had; and (3) because the facts of the case show an integral relationship with the State of Texas; because the courts of Texas are the only courts which can finally determine the issues presented under the intricacies of Texas community property and real estate law, and the law of marital rights; also because it was not shown that any other forum was available to the parties. These points are so closely related that they will be discussed and disposed of together.

In Gulf Oil Corporation *v.* Gilbert, 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947), the court set forth factors which should be considered in determining whether a court should "resist imposition upon its jurisdiction" on the principle of *forum non conveniens*, including the private interest of the litigants, the relative ease of access to sources of proof, the availability of compulsory process for the attendance of unwilling, and the cost of obtaining attendance of willing, witnesses, "and all other practical problems that make trial of a case easy, expeditious and inexpensive." It is pointed out that the court should weigh the relative advantages and obstacles to fair trial, and also consider the enforcibility of the judgment to be rendered. The court also said:

"It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex', 'harass', or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."

The doctrine has been applied only sparingly in Texas, although it has been recognized and discussed in Texas appellate decisions for many years. Forcum-Dean Co. v. Missouri Pacific Railroad Co., 341 S.W. 2d 464 (Tex.Civ.App., San Antonio 1960, writ dism'd). The cited case was a suit for damages to cantaloupes shipped from Colorado to New York City. The trial court, applying the doctrine in question, dismissed the suit, and the Court of Civil Appeals affirmed, holding that the facts were such as would justify the court in exercising its discretion, the action being transitory.

Our Supreme Court, in Flaiz v. Moore, 359 S.W.2d 872 (Tex.1962), while tacitly recognizing the applicability of the doctrine in a proper case in Texas, made it clear that it was not at that time considering or attempting to decide "the extent to which the * * * principle is recognized in Texas."

We have found no Texas case asserting that the doctrine is inapplicable in the state, and we therefore proceed on the assumption that it is applicable in a proper case, and that our only task is to decide whether this particular action is primarily a transitory one to which the principle may properly be applied, or whether it is essentially a local action *in rem* in which the doctrine may not properly be applied. To determine the nature of the action and its proper classification, we examine the appellant's petition.

She alleged that she and the appellee were residents of the Virgin Islands; that they were married at Dallas on June 4, 1944, were domiciled at Dallas until 1963, when they removed to the Virgin Islands; that while married they acquired much community property, including but not limited to the Texas real property described in Exhibit A to the petition; that on January 3, 1966 the parties were divorced by decree of the district court of the Virgin Islands; that in anticipation of such divorce, on November 8, 1965, the parties made the property settlement agreement in question a copy being attached as Exhibit B to the petition; that the property settlement was not fair and equitable because it failed to give appellant a fair and equitable share of the community property; that appellee fraudulently misrepresented and concealed the extent, amount and value of the community property to induce her to enter into the agreement; that there was no consideration for her agreement that appellee have more than half of the community property because the rest of the agreement gave appellant no more than she was entitled to as a matter of law; and that the agreement was void insofar as it purported to partition the community property and that appellant still owns an undivided one-half interest in the Texas realty; that appellant offers to do equity and to restore to appellee whatever consideration, if any, the court shall determine she received under the "void portions of said agreement." Then followed allegations required by Rule 783, T. R.C.P., of a petition in trespass to try title.

Appellant then alleged that she was entitled to recover damages of $50,000 because of retention by appellee of all the rents received by him from the real property; that the settlement agreement was valid insofar as it required appellee to make payments for her support, even in the event of appellee's death, and to pay certain accounts payable, "because this was no more than he was obligated to do under the law of the Virgin Islands." She also alleged that appellee had not taken the required action to assure continuity of her support payments, nor paid the required accounts payable; that she was entitled to specific performance of such "valid portions of said agreement"; and that, alternatively, appellee was indebted to her in the sum of $100,000. Her prayer at the end of the petition was:

"WHEREFORE, plaintiff prays that defendant be cited to answer this petition, that the Court cancel the portions of said agreement which purport to partition or exchange the parties' community property, that defendant be required to account to plaintiff for her one-half interest in the rents received by him, and that plaintiff have judgment for an undivided one-half interest in the title to and possession of the premises described in Exhibit 'A', for specific performance of the valid portions of said agreement, for her damages, for costs of suit, and for such other and further relief as to which she may be entitled either at law or in equity."

■ It is thus seen that of the several items of relief which appellant seeks to recover, all fall within the category of transitory causes of action except the one wherein she sues for an interest in Texas real property. And in her petition she makes it quite clear, and judicially admits, that she cannot prevail as to the Texas realty unless and until she is first successful in rescinding the settlement agreement. Her suit to set aside that agreement was clearly a transitory action, as were her causes of action for accounting, for specific perform-

ance and for damages. 20 Am.Jur.2d, Courts, §§ 126, 127, p. 480. The several causes of action are so bound together that they could not be satisfactorily severed and tried separately. Appellee made only a limited appearance and the Texas court had no jurisdiction to render judgment against him setting aside those portions of the settlement agreement which were unsatisfactory to appellant, or enforcing the remaining portions, or for accounting, or for damages, or even for costs, all of which were causes *in personam*. Hardy v. Beaty, 84 Tex. 562, 19 S.W. 778, 780 (1892).

■ Appellant cites Hardy v. Beaty, supra, in support of her assertion that the Texas court has jurisdiction to adjudicate title to Texas land as against a non-resident defendant served beyond the borders of the state or even by publication. Such jurisdiction is not denied and is not in issue here. The issue before us is whether the trial court, confronted with a petition alleging a cause of action consisting of four integral parts, three *in personam* and one *in rem*, abused its discretion in declining to exercise its conceded jurisdiction to hear and determine one of them when to do so it would be necessary to adjudicate the others over which it had no jurisdiction. It is our opinion that it did not.

We must presume that the agreement in question was entered into pursuant to the laws of the Virgin Islands, where the parties then resided, and where they now reside. It would certainly be more appropriate for the courts of the Virgin Islands to pass upon the equitable questions raised by appellant's suit for rescission than the Texas courts; and it would unquestionably be more convenient for both parties to try out those questions there than in Texas.

■ The rule relied upon by appellee, and which we agree is applicable here, is thus stated in 13 Am.Jur.2d, Cancellation of Instruments, § 53, p. 537:

"A suit for cancellation of a contract relating to real property is an equitable transitory action that may be instituted before a court having jurisdiction of the parties *although the realty involved is not situated within the court's territorial jurisdiction.*" (Italics ours.)

. Appellant also contends that she has the absolute right, under Art. 1975, V.A.C.S., to file and prosecute the suit to final judgment in a Texas court. That statute is as follows:

"Persons claiming a right to or interest in property in this State may bring and prosecute to final decree, judgment or order, actions against non-residents of this State, or persons whose place of residence is unknown, or who are transient persons, who claim an adverse estate, or interest in, or who claim any lien or incumbrance on said property, for the purpose of determining such estate, interest, lien, or incumbrance, and granting the title to said property, or settling the lien or incumbrance thereon. Acts 1893, p. 77; G.L. vol. 10, p. 507."

■ We do not agree that this statute has the effect claimed for it by appellant. Its obvious purpose is to enable claimants to sue nonresidents in Texas courts and obtain jurisdiction over them to the extent of their interest in Texas real property. No one disputes that the trial court had jurisdiction to adjudicate the title to the Texas property. Appellee in effect conceded such jurisdiction by moving for dismissal under the doctrine of *forum non conveniens* for, as said in Forcum-Dean Co. v. Missouri Pacific Railroad Co., 341 S.W. 2d 464, 466 (Tex.Civ.App., San Antonio 1960, writ dism'd) in referring to this doctrine: "The rule does not apply at all unless it is first determined that the court has jurisdiction."

■ The question was not whether the court had jurisdiction, but whether that jurisdiction should be exercised. The trial court had jurisdiction under Art. 1975, V. A.C.S., but was not prohibited thereby from declining to exercise it.

■ Neither do we agree with appellant's contention that, because of the "in-

tricacies of Texas community property law, real estate law, and marital rights law," the courts of Texas are the only courts which can determine the issues presented. We fail to see here intricacies of legal principles peculiar to Texas. No such intricacies or peculiarities are suggested in the record before us and we find none specifically pointed out in the briefs. The Virgin Islands courts are in better position than the Texas courts to resolve the issue which is prerequisite to the determination of the question of title to the real estate; i. e., the issue of jurisdiction to vacate the property settlement agreement.

■ Appellant also argues that appellee owed her a duty to show, in connection with his motion to dismiss, that there was another forum available to adjudicate fully the controversy between the parties. She contends that no such showing has been made, and suggests that there is a serious question as to whether or not the courts of the Virgin Islands would even be open for her to prosecute her claims fully, because her suit might be barred in those courts by the two year statute of limitation which she says is in force there. We cannot reverse on this ground. In the first place, the record before us contains no evidence of such a limitation statute, or that the trial court was requested to take judicial notice thereof. Rule 184a, T.R.C.P. No showing relative thereto has been made in this court other than appellant's statement in her brief that there is a two year statute of limitations "for any injury to the person or rights of another not arising on contract and not herein especially enumerated." In our opinion, there is no burden on a movant in these circumstances to show affirmatively that his adversary's claim is not barred in another jurisdiction.

It was within the trial court's discretion to take the action it did, and we see no abuse of that discretion. Therefore, we overrule all of appellant's points of error and affirm the judgment.

Affirmed.