**VAN WINKLE–HOOKER COMPANY,**
Appellant,

v.

**Jack R. RICE, Appellee.**

**No. 17334.**

Court of Civil Appeals of Texas.

Dallas.

Nov. 21, 1969.

Rehearing Denied Dec. 12, 1969.

A. B. Conant, Jr., Shank, Irwin, Conant & Williamson, Dallas, for appellant.

Frank Betancourt, Gardere, Porter & DeHay, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

This is an appeal from an order sustaining appellee's motion to dismiss appellant's cause of action under the doctrine of *forum non conveniens*.

Van Winkle-Hooker Company brought this suit in a district court of Dallas County, Texas, against Jack R. Rice seeking damages for breach of a written contract between the parties. In its petition Van Winkle-Hooker Company alleged that it was a Texas corporation, having its principal office and place of business in Dallas, Dallas County, Texas and that Jack R. Rice was an individual residing in Grand Junction, Colorado. It was alleged that Rice could be served with process by virtue of the provisions of Art. 2031b, Vernon's Ann.Civ.St. of Texas. Plaintiff charged that on or about March 13, 1967 Rice executed, as lessee, a written agreement which was attached to the petition and incorporated for all purposes. Plaintiff said that the contract was executed in Dallas, Texas, by both Van Winkle-Hooker Company and Rice; that Rice had breached the agreement and that plaintiff was entitled to recover damages for such breach. The written contract, or lease agreement, described the parties, and their residences, as follows: "Van Winkle Hooker Company,

4023 Oak Lawn, Dallas, Texas (Lessor) and Jack Ray Rice, 624 – 27 Road, Grand Junction, Colorado (Lessee)." Paragraph 18 of the contract provided: *"Texas Law:* This lease is and shall be governed by and construed in accordance with the laws of the State of Texas."

The contract further provided that the automobile, made the subject of the lease agreement, was to be surrendered back to lessor at Dallas, Texas. The agreement bears the signatures of both parties.

Appellee Rice filed a special appearance pursuant to Rule 120a, Vernon's Texas Rules of Civil Procedure, wherein he contested the jurisdiction of the Texas court and specifically denied that there had been minimum contacts between him and the State of Texas which would constitutionally support jurisdiction over him in Texas.

Subject to the above plea Rice filed his original answer consisting only of a general denial.

Thereafter appellee filed his motion to dismiss appellant's cause of action based upon the doctrine of *forum non conveniens.* In this motion, which was not verified by appellee Rice, he states that he is not a resident of the State of Texas; that the cause of action asserted by appellant is transitory; that he does not have access to compulsory process for the attendance of out of state witnesses which will limit him in the defense of this lawsuit. He further alleged that he would be subjected to costs of obtaining witnesses to attend the trial of the case and that: "All other practical problems that make the trial of a case easy, expeditious and inexpensive are not available to your defendant in this cause of action."

The trial court, without hearing any testimony, entered an order sustaining appellee's motion to dismiss. In this order the court stated, inter alia, that: " * * * the Court is of the opinion that the Court should decline to exercise jurisdiction under the doctrine of forum non conveniens."

The judgment decreed that the suit be dismissed, with prejudice to the refiling of same.

In its first, and principal point of error on appeal, appellant says that since the record conclusively shows that appellant (a) is a Texas corporation; (b) is a resident of Texas; (c) the cause of action arose in Texas; (d) the cause of action is governed by Texas law; and (e) the contract made the basis of the suit is expressly to be construed under Texas law; that Texas constitutes the most convenient forum for litigation of the matters in controversy and therefore the trial court erred in dismissing the suit. In its second, third, fourth and fifth points of error, grouped together, appellant complains of the court's action in sustaining the motion to dismiss because there was either no evidence, or insufficient evidence, to support such order and such action on the part of the court is violative of the public policy of Texas. By its sixth point of error the appellant complains of the action of the trial court in refusing to prepare and file findings of fact and conclusions of law.

 The doctrine of *"forum non conveniens"* is an equitable doctrine of ancient origin which is exercised by a court to prevent imposition upon its jurisdiction of trial of causes of action where the court determines that for convenience of the litigants and witnesses, and in the interest of justice, the action should be instituted in another forum. The central theme of the doctrine is that a court will decline jurisdiction of the action when it appears that the scene of the controversy is laid in another state, so that the litigants and witnesses will have to come from that state, making it inconvenient to try it in the jurisdiction involved. The doctrine presupposes at least two forums in which the defendant is amenable to process and furnishes criteria for a choice between forums. Greyhound Corporation v. Rosart, 124 So.2d 708 (Fla.App.1960); Matthews v. Wolvin, 266 F.2d 722 (5th Cir. 1959). The *sine qua non* of the doctrine is the

existence of jurisdiction of the court called upon to apply the doctrine. Forcum-Dean Co. v. Missouri Pacific Railroad Co., 341 S.W.2d 464 (Tex.Civ.App., San Antonio 1960) and Cole v. Lee, 435 S.W.2d 283 (Tex.Civ.App., Dallas 1968, writ dism'd). Appellee, both in brief and oral argument before this court, concedes the lack of merit in his special appearance plea challenging the jurisdiction of the court.

The doctrine is specifically brought into the federal court system through the medium of Title 28, U.S.C.A. § 1404(a). It has been embraced and applied as a common law doctrine in a large number of the states. While adoption has been recognized in Texas for many years it has been applied only sparingly in this jurisdiction. Forcum-Dean Co. v. Missouri Pacific Railroad Co., 341 S.W.2d 464 (Tex.Civ.App., San Antonio 1960); Morris v. Missouri Pacific Ry. Co., 78 Tex. 17, 14 S.W. 228, 9 L.R.A. 349 (1890); Flaiz v. Moore, 353 S.W.2d 74 (Tex.Civ.App., San Antonio 1962, reversed Sup.Ct., 359 S.W.2d 872); Cole v. Lee, 435 S.W.2d 283 (Tex.Civ.App., Dallas 1968). The doctrine has never been incorporated into a rule or statute. Our Supreme Court, in Flaiz v. Moore, 359 S.W.2d 872 (1962) made it abundantly clear that it was not at that time considering or attempting to decide "the extent to which the forum non conveniens principle is recognized in Texas."

Moreover, it has been said that the doctrine of *forum non conveniens* should be applied with caution, exceptionally, and only for good reasons. 20 Am.Jur.2d, Courts, § 176, p. 514. The United States Supreme Court in Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1946), cautioned that: " * * * unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." In considering the language of the Supreme Court Judge Frank, of the 2nd Circuit Court of Appeals, in Ford Motor Co. v. Ryan, 182 F.2d 329 (1950), said:

"Those words we interpret to mean (a) that a defendant has the burden of making out a strong case for a transfer and (b) that the plaintiff's privilege, conferred by statute, of choosing the forum he selected is a factor to be considered as against the 'convenience' of the witnesses or what otherwise might be the balance of 'convenience' as between 'the parties.' "

█ Having filed a motion to dismiss a cause, the burden is, and should be, upon the defendant to come forward with evidence of probative force to establish by a preponderance of the evidence that the court should not accept the trial of the case. Texas Gulf Sulphur Co. v. Ritter, 371 F.2d 145 (10th Cir. 1967); Time, Inc. v. Manning, 366 F.2d 690 (5th Cir. 1966); Houston Fearless Corporation v. Teter, 318 F.2d 822 (10th Cir. 1963); Popkin v. Eastern Air Lines, Inc., 253 F.Supp. 244 (Dist.Ct.Pa.1966).

█ It is without dispute in the record before us that appellee, the moving party, seeking to invoke the doctrine of *forum non conveniens,* brought forth no evidence to support his allegations. Appellee argues that he may rely upon the allegation contained in appellant's petition to the effect that appellee is a nonresident of Texas. Assuming this to be true the sole question then presented is whether the trial court correctly decided that, having jurisdiction, it should not exercise such jurisdiction for the sole reason that the defendant is a nonresident. Based upon the authorities, both in the federal courts and in the state courts, we are of the opinion that mere nonresidence of one of the parties to a lawsuit is not sufficient, within itself, to justify the action of the trial court in dismissing the case.

The seldom applied doctrine in Texas has usually been presented on the ground that both of the parties are nonresidents of Texas or that the law to be applied is so dissimilar to Texas law that our courts should refuse to hear the case. Flaiz v.

Moore, 359 S.W.2d 872 (Tex.Sup.1962). As opposed to those cases where both parties are nonresidents, Justice Pope in Flaiz v. Moore, 353 S.W.2d 74 (Tex.Civ.App., San Antonio 1962), said:

"In contrast with the discretionary powers of the court in the pure forum non conveniens situation when all parties are nonresidents, we can deduce this rule, which applies when either the plaintiff or defendant is a resident, 'a different problem is present as to both the power to refuse and the policy of refusing to entertain jurisdiction than when neither party is a resident or a citizen.' 14 Am.Jur., Courts, § 233; 48 A.L.R.2d 808; 32 A.L.R. 26; Blaustein v. Pan American Petroleum & Transport Co., 174 Misc. 601, 21 N.Y.S.2d 651, 706."

Concerning the dissimilarity of laws, this court, speaking through Justice Bateman, in Cole v. Lee, 435 S.W.2d 283 (Tex. Civ.App., Dallas 1968), affirmed an order of dismissal in a case which involved a divorce action in the Virgin Islands and the construction to be given to a community property settlement which was entered into in the Virgin Islands by the parties who were residents of the Virgin Islands.

■ The factual situation here presented is different, both as to the residence of the parties and the question of dissimilarity of laws to be construed, from those cases relied upon by appellee. Here appellee depends solely on the fact that he is a resident of Colorado. Opposed to this we find appellant, as plaintiff, a resident of Texas, seeking to recover upon a written contract entered into in Texas with appellee-defendant and such contract providing specifically that it shall be construed under the laws of Texas. The execution of this contract was not denied by appellee in any manner so that it appears unchallenged in this record. We agree with appellant that the trial court was in error in sustaining the motion to dismiss.

Art. 2031b, V.A.C.S., sometimes referred to as the "Long Arm" statute, expressly provides for obtaining jurisdiction over nonresidents who have sufficient contacts in this state. To uphold appellee's contention here advanced and to say that the mere fact that the defendant is a nonresident of the state is sufficient reason for dismissing the cause of action would have the effect of judicially rendering the statute impotent. We agree with appellant that the court's action in this case is clearly violative of the public policy of this state.

We also sustain appellant's contention that the evidence was wholly insufficient to support the court's finding that the cause of action should be dismissed pursuant to the doctrine of *forum non conveniens.* In considering these points we consider, as evidence, appellant's allegations as to appellee's place of residence. Such, alone, is certainly not sufficient to make out the "strong case" indicated by the authorities.

■ Appellant's final point of error complaining of the action of the trial court in refusing to prepare and file findings of fact and conclusions of law is overruled. Appellee concedes that there were no facts before the court other than the admitted fact of nonresidence of the defendant. While it is usually reversible error for the trial court to refuse to make findings of fact and conclusions of law it is not necessary where the material issues are admitted. Donalson v. Horton, 256 S.W.2d 693 (Tex.Civ.App., Amarillo 1952); Smith v. Brown Express, 343 S.W.2d 550 (Tex.Civ.App., San Antonio 1961, writ ref'd n. r. e.).

The judgment of the trial court is reversed and remanded with instructions that the order of dismissal be set aside and the cause of action be reinstated upon the docket of the court for further proceedings, not inconsistent with this opinion.

Reversed and remanded.