Reversed and Remanded and Majority Memorandum and Concurring Memoran-dum
Opinions filed May 1, 2003









Reversed and Remanded and Majority Memorandum and
Concurring Memoran-dum Opinions filed May 1, 2003.




 
 
 
  
 
 
 




In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00435-CV

____________

 

PHU THE TRUONG AND MAI TRUONG, Appellants

 

V.

 

CHAU THANH VUONG AND THU NGUYEN VUONG, Appellees

 



 

On Appeal from the 269th District Court

Harris County, Texas

Trial Court Cause No. 00-61957

 



 

C O N C U R R I N G   M E M O R A N D U M   O P I N I O N








The common law doctrine of forum non conveniens is rooted in
equity and encompasses an evaluation of many factors impacting both private and
public interests.  Courts should apply
the doctrine “with caution, exceptionally, and only for good reasons.”  Van Winkle‑Hooker Co. v. Rice, 448
S.W.2d 824, 827 (Tex. Civ. App.CDallas 1969, no writ).  Dismissal based on forum non conveniens is
appropriate only when a trial court determines that, for the convenience of the
litigants and witnesses and in the interest of justice, the action should be
instituted in another forum.  See id. at 826.  The doctrine
is not to be invoked lightly, and “‘unless the balance is strongly in favor of
the defendant, the plaintiff=s choice of forum should rarely be disturbed.’” Sarieddine v. Moussa,
820 S.W.2d 837, 840 (Tex. App.CDallas 1991, writ denied) (quoting Gulf
Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S. Ct. 839, 843, 91 L. Ed. 1055
(1947)).  Here, the Truongs,
appellants/  plaintiffs,
are Texas residents and chose a Texas forum to pursue their claims. Though the
arguments the Vuongs, appellees/defendants, asserted
below and repeated in their appellate briefs might justify a Georgia forum for
the litigation, the evidence in the record does not support the trial court=s decision to disturb the plaintiffs= choice of a Texas forum. 

The Vuongs failed to proffer
evidence to support the public and private factors that would have justified
dismissal based on common law forum non conveniens.  A trial court abuses its discretion when
there is no evidence to support its ruling. 
See Loftin v. Martin, 776 S.W.2d 145,
148 (Tex. 1989); D.N.S. v. Schattman, 937
S.W.2d 151, 155 (Tex. App.CFort Worth 1997, orig. proceeding); Van Winkle‑Hooker
Co., 448 S.W.2d at 828 (holding that dismissal based on forum non
conveniens was an abuse of discretion in absence of evidence other than
plaintiff=s non‑residence in Texas).  Though the Vuongs
present compelling reasons showing why it might be sensible to dismiss the
Texas case so that the litigation could proceed in Georgia, the evidence in the
record is legally and factually insufficient to meet the test set forth in Gulf
Oil Corp. v. Gilbert.  See 330
U.S. at 508B09, 67 S. Ct. at 843.  In the absence of such proof, there is no
justification for a finding that the balance Astrongly@ favors dismissal.  See Tullis
v. Georgia-Pacific Corp., 45 S.W.3d 118, 132B33 (Tex. App.CFort Worth 2000, no pet.) (holding,
in statutory forum non conveniens case, that trial court abused its discretion
in dismissing based on forum non conveniens because defendant produced no evidence
to support the forum non conveniens factors and did not demonstrate that the
balance was strongly in favor of dismissal); Sarieddine,
820 S.W.2d at 841B44 (holding that trial court abused its discretion in
dismissing based on common law forum non conveniens because the evidence did
not show that the balance of the factors weighed strongly in favor of
dismissal).  








In conducting a no-evidence analysis, we review the evidence
in a light that tends to support the disputed findings and disregard all
evidence and inferences to the contrary. 
Lee Lewis Constr., Inc. v. Harrison, 70 S.W.3d
778, 782 (Tex. 2001).  If more
than a scintilla of evidence exists, it is legally sufficient.  Id. 
More than a scintilla of evidence exists if the evidence furnishes some
reasonable basis for differing conclusions by reasonable minds about a vital
fact=s existence.  Id. at 782B83.  When reviewing a challenge to the factual
sufficiency of the evidence, we examine the entire record, considering both the
evidence in favor of, and contrary to, the challenged finding.  Cain v. Bain, 709
S.W.2d 175, 176 (Tex. 1986). 
After considering and weighing all the evidence, we set aside the fact
finding only if it is so contrary to the overwhelming weight of the evidence as
to be clearly wrong and unjust.  Pool v. Ford Motor Co., 715 S.W.2d
629, 635 (Tex. 1986). 

In determining whether to dismiss a suit on the grounds of
forum non conveniens, the trial court is to consider private factors, such
as:  (1) the litigants= interests vis
a vis the forum that would provide easiest access
to sources of proof; (2) the cost of obtaining the presence of witnesses; and
(3) the availability of process to compel the attendance of unwilling
witnesses.  See Flaiz
v. Moore, 359 S.W.2d 872, 874B75 (Tex. 1962).  In addition, the trial court must consider
factors of public interest, such  as (1) administrative problems and
docket congestion resulting from transfers of cases to metropolitan centers,
and (2) concerns involving the courts of one state applying foreign law,
particularly when the foreign law so differs from the law of the forum that the
courts of the forum would find it difficult or impossible to administer and
enforce the foreign law.  See id.








Although the Vuongs present
arguments on the various factors in their appellate brief, the record contains
very little evidentiary support for them. 
Though some of the public and private factors do not require evidence,
other factors cannot be evaluated without evidence.  For example, the availability of process to
compel the attendance of unwilling witnesses and the concerns regarding courts
applying the law of another jurisdiction, in most cases, do not require
evidence. On the other hand, it would be very difficult, if not impossible, for
the trial court to make decisions regarding access to sources of proof and
costs of obtaining witnesses, or to weigh the public interest in avoiding
administrative problems and docket congestion without some evidence.  

There is nothing in the record relating to the ease of access
to sources of proof or the cost, if any, of obtaining the presence of witnesses
in Texas.  The Vuongs
point to the Truongs= responses to requests for disclosure
as evidence of these factors.  These
responses identify a number of individuals having knowledge of relevant facts
and several of the individuals listed have addresses in Georgia.  But, this list does not address which, if
any, of these individuals the parties anticipate calling as witnesses at trial,
nor is there anything in the record to indicate whether it would be burdensome
or inconvenient for any such witnesses to travel to Texas, if necessary.  Though the trial court found that a
half-dozen individuals with knowledge of relevant facts reside in Georgia, there
is nothing to indicate that these individuals are likely to testify at trial or
that their attendance is necessary for trial. 
The record contains no affidavit testimony, stipulations, or other
evidence to show that any party intends to call these individuals to testify at
trial, or that their testimony is necessary for the presentation of their
claims, or that any of the witnesses are likely to be unwilling to appear for
trial in Texas.  

The record contains nothing to suggest that there are any
costs associated with the appearance of any such witnesses in Texas.  It might be that the individuals now residing
in Georgia travel frequently to Texas. 
If so, appearing for trial might impose little, if any, additional cost,
and travel to a Texas forum might present no significant inconvenience.  Or it might be that there are significant
costs or other burdens associated with bringing necessary witnesses to
Texas.   The affidavits offered in support
of the motion neither speak to the cost of obtaining the presence of
out-of-state witnesses in Texas nor address the parties= ability or inability to access any
sources of proof.  








The record contains little that would shed any light on the
administrative problems or docket congestion, if any, in the alternative trial
court in Macon, Georgia.  Nor is there
anything in the record to suggest how or whether any such problems might impact
the litigation, if the Texas case were dismissed and the parties= dispute were allowed to proceed in
Georgia. 

This court cannot speculate about matters on which the record
is silent.  In the face of a silent
record, we cannot presume there are no administrative problems in the Georgia
courts, nor can we presume there are burdens, costs, and expenses of obtaining
witnesses.  To effectively weigh the
factors that require evidentiary support, the trial court must have affidavit
testimony, sworn discovery responses, stipulations, or other evidence.  There must be something in the record that
allows the trial court to balance the factors and determine whether they weigh
strongly in favor of trying the case in another forum.  Unsubstantiated, conclusory allegations in
the motion to dismiss are insufficient.  See
PPG Indus., Inc. v. JMB/Houston Centers Partners Ltd. Partnership, 41
S.W.3d 270, 284 (Tex. App.CHouston [14th Dist.] 2001, pet.
granted) (holding that conclusory statements are not legally sufficient
evidence).  








Forum non conveniens
considerations allow the trial court to engage in a discretionary balancing of
factors in order to determine the most appropriate forum for the
litigation.  A trial court=s balancing of the factors must not
be based on speculation or conjecture, but on evidence in the record.  Absent proof of inconvenience or additional
costs, there is no basis to conclude that maintenance of the action in Texas
would work a substantial injustice to the Vuongs or
that the balance of private interests of the parties and public interests of
the state tilts strongly in favor of a Georgia forum.  The Vuongs have not
adduced evidence demonstrating that the Texas forum chosen by the Truongs is so completely inappropriate and inconvenient
that it would be better to shut down the Texas litigation so that the parties
can litigate this dispute exclusively in the Georgia court.  See Tullis,
45 S.W.3d at 132B33; Sarieddine, 820 S.W.2d
at 841B44. 
Therefore, the trial court abused its discretion by granting the Vuongs= motion to dismiss based on common law forum non conveniens.

 

 

 

/s/        Kem Thompson Frost

Justice

 

 

Judgment rendered and Majority Memorandum and
Concurring Memorandum Opinions filed May 1, 2003.

 

Panel consists of
Justices Yates, Anderson, and Frost. (Anderson, J., majority)