Reversed and Remanded and Memorandum and Concurring Opinions filed May
1, 2003









 

Reversed and Remanded and Memorandum and Concurring
Opinions filed May 1, 2003.

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00435-CV

____________

 

PHU THE TRUONG AND MAI TRUONG, Appellants

 

V.

 

CHAU THANH VUONG AND THU NGUYEN VUONG, Appellees

 



 

On Appeal from the 269th District

Harris County, Texas

Trial Court Cause No. 2000-61957

 



 

M E M O R A N D U M   O
P I N I O N








Texas residents Phu The Truong and Mai Truong (appellants)
sued Georgia residents Chau Thanh Vuong and Thu Nguyen Vuong (appellees)
alleging multiple causes of action based on a transaction involving Chauvin
Farm, an egg farm in Georgia.  Appellees
filed a motion to dismiss for lack of personal jurisdiction and, in the
alternative, for forum non conveniens. The trial court granted appellees= motion without stating the specific
ground on which it based the dismissal. 
Construing the trial court=s action as a dismissal under the
common law doctrine of forum non conveniens, we reverse and remand because
appellees= evidence did not establish Georgia as
the strongly favored forum.

ISSUES FOR REVIEW

Appellants raise the following two issues: (1) whether there
was sufficient evidence to support the trial court=s order of dismissal, which the trial
court rendered without conducting an evidentiary hearing; and (2) whether the
trial court may dismiss a case based on forum non conveniens without first
determining it has jurisdiction over the defendants.  We first determine the basis of the trial
court=s ruling.  We then briefly address the second issue
before turning to the first.

Basis of the Trial Court’s Order Dismissing the Case

In its order dismissing the case, the trial court stated only
that it was granting appellees= motion, a motion in which appellees set forth alternative
grounds: lack of personal jurisdiction and forum non conveniens.  The trial court did not state which of the
alternative grounds warranted the dismissal.

We nevertheless conclude the trial court based its dismissal
on the doctrine of forum non conveniens. 
The parties do not seriously argue otherwise, and the trial court=s “conclusions of law” track the
requisite forum non conveniens factors, as discussed in issue one, below.  Additionally, the trial court dismissed the
case immediately after the hearing on the motion adding forum non conveniens as
a ground, long after the trial court heard the original special appearance
motion.  Finally, if, as it appears from
the record, appellees filed a general answer before filing their special
appearance, they waived a challenge to personal jurisdiction and submitted to
the jurisdiction of the court.  See Tex. R. Civ. P. 120a(1); Webb v.
Webb, 582 S.W.2d 168, 169B70 (Tex. Civ. App.CBeaumont 1979, writ ref=d n. r. e.).








Because the appellants= cause of action was not based on
injury or wrongful death, the statutory forum non conveniens provision found in
Texas Civil Practice and Remedies Code section 71.051 does not apply.  Direct Color Servs. v. Eastman Kodak Co.,
929 S.W.2d 558, 567 n.2 (Tex. App.CTyler 1996, writ denied).  We therefore further construe the trial court=s dismissal as based on common law
doctrine.  

Issue Two: Determination of Personal Jurisdiction

Before a trial court may invoke forum non conveniens, the
court must find it has jurisdiction over the defendant.  Exxon Corp. v. Choo, 881 S.W.2d 301,
302 n.2 (Tex. 1994) (citing Sarieddine v. Moussa, 820 S.W.2d 837, 839B40 (Tex. App.CDallas 1991, writ denied)).   We conclude the trial court implicitly made
such a finding.  First, as stated above,
the appellees, by filing their answer before their special appearance, may have
submitted to the jurisdiction of the court, albeit unwittingly.  Second, appellees concede they obtained a
ruling on forum non conveniens before obtaining a ruling on their special
appearance, thereby waiving their special appearance.

We overrule appellants= issue two.

Issue one: Dismissal under the Doctrine of Forum Non
Conveniens

Legal Standards and Standard of Review

In issue one, appellants challenge the trial court=s dismissal of their lawsuit under
the doctrine of forum non conveniens. Under the doctrine of forum non
conveniens, a trial court may exercise its discretion to resist imposition of
an inconvenient jurisdiction upon a litigant who is otherwise subject to its
jurisdiction.  Boots v. Lopez, 6
S.W.3d 292, 294 (Tex. App.CHouston [14th Dist.] 1999, pet. denied).  A trial court exercises the right to dismiss
a case under the doctrine of forum non conveniens when it determines that, for
the convenience of the litigants and witnesses and in the interest of justice,
the action should be pursued in another forum. 
Van Winkle‑Hooker Co. v. Rice, 448 S.W.2d 824, 826 (Tex.
Civ. App.CDallas 1969, no writ).








The doctrine rests on a strong presumption in favor of the
plaintiff=s choice of forum,  a presumption which a defendant may overcome
only when the private and public interest factors clearly point toward trial in
the alternative forum.   Piper
Aircraft Co. v. Reyno, 454 U.S. 235, 255, 102 S. Ct. 252, 265B66 (1981). In Gulf Oil Corp. v.
Gilbert, the United States Supreme Court set forth factors federal trial
courts should consider in applying the doctrine of forum non conveniens, and
Texas courts have adopted these factors. 
See, e.g., Cole v. Lee, 435 S.W.2d 283, 285 (Tex.
Civ. App.CDallas 1968, writ dism=d) (listing factors from Gulf Oil
Corp. v. Gilbert, 330 U.S. 501, 507, 67 S. Ct. 839, 842 (1947)); see
also Flaiz v. Moore, 359 S.W.2d 872, 874, 876 (Tex. 1962) (quoting section
of Gulf Oil listing private and public factors, but stating it was not
considering or attempting to decide, in case before court, “the extent to which
the forum non conveniens principle is recognized in Texas”).

The private factors a trial court should consider are the
relative ease of access to sources of proof, availability of compulsory process
for attendance of unwilling witnesses and the cost of obtaining attendance of
willing witnesses, the ability to view the premises (if appropriate), and other
practical matters to make trying the case easy, expeditious, and
inexpensive.   Gulf Oil Corp., 330
U.S. at 508, 67 S. Ct.  at  843. 
The trial court should also consider other “public factors” including
the burden imposed upon the citizens of the state and on the trial court, and
the general interest in having localized controversies decided in the
jurisdiction in which they arose.  See
Gulf Oil Corp., 330 U.S. at 508B09, 67 S. Ct. at 843.

A court should give greater deference to a plaintiff=s choice of forum when the plaintiff
has chosen its home forum.  Piper
Aircraft Co., 454 U.S. at 255, 102 S. Ct. at 266.  Unless the balance weighs heavily in favor of
the defendant, a court should rarely disturb the plaintiff=s choice of forum.  Sarieddine, 820 S.W.2d at 840.  The defendant bears the burden of proving the
factors are in his favor.  Id. at
844.








We review the trial court=s decision under an abuse of
discretion standard.  Berg v. AMF,
Inc., 29 S.W.3d 212, 215 (Tex. App.CHouston [14th Dist.] 2000, no
pet.).  The test for abuse of discretion
is not whether in the opinion of this court the facts present an appropriate
case for the trial court=s actions; rather, the test is whether the trial court acted
without reference to any guiding rules and principals.  Id. 
“Another way of stating the test is whether the act was arbitrary or
unreasonable.”  Id.  The mere fact a trial court may decide a
matter within its discretionary authority in a different manner than an
appellate court in a similar circumstance, does not demonstrate an abuse of
discretion has occurred.  Id.
(citing Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex.
1985)).  The burden of proof rests on the
appellant asserting abuse of discretion to overcome the presumption that the
action of the trial court was justified. 
Retzlaff v. Texas Dept. of Criminal Justice, 94 S.W.3d 650, 654
(Tex. App.CHouston [14th  Dist.] 2002, pet. denied).

Under an abuse of discretion standard, we do not review
factual issues decided by the trial court under legal or factual sufficiency
standards. See Crouch v. Tenneco, Inc., 853 S.W.2d 643, 649 (Tex. App.CWaco 1993, writ denied), cited
with approval in J.R.W. v. State, 879 S.W.2d 254, 257 (Tex. App.CDallas 1994, no writ).[1]  Whether there was no evidence to support the
dismissal, however, is a relevant consideration in determining whether the
trial court abused its discretion.  See
Beaumont Bank v. Buller, 806 S.W.2d 223, 226 (Tex. 1991) (stating same
in context of reviewing a turnover award). 
A trial court abuses its discretion when there is no evidence to support
its ruling.  Tullis v. Georgia‑Pac.
Corp., 45 S.W.3d 118, 133 (Tex. App.CForth Worth 2000, no pet.) (citing Loftin
v. Martin, 776 S.W.2d 145, 148 (Tex. 1989)).

Application








Appellees= proof.  Appellees= proof  consisted solely of the following: (1) Vuong=s affidavit; (2) the affidavit of
Clifford W. Harpe, the attorney who represented the appellees in the
lease/purchase of Chauvin Farm; (3) the plaintiffs= (appellants=) first supplemental response to
requests for disclosure, which contained their witness list; (4) a complaint
from a pending Georgia lawsuit in which appellees were suing appellants in
relation to Chauvin Farm and Phu Farm, a Georgia chicken farm; and (5) the
plaintiffs= original response to requests for
disclosure, in which appellants listed a Georgia address for themselves.  In his affidavit, Vuong states all
negotiations with appellees for Chauvin Farm occurred in Georgia.  He states the Houston negotiations were for
Phu Farm.  He also states, “All banking
concerns of Chauvin Farms are in Georgia. . . . All parties, property,
witnesses and people with knowledge of the purchase and operation of Chauvin
Farms are in Georgia.”  Of the eight
named transactional witnesses appellants listed in their first supplemental
response to requests for disclosure, six have Georgia addresses or telephone
numbers.  In addition, appellants listed
unnamed “[e]mployees, agents, and custodian of
business records of Tyson Foods, Inc.,” with a Georgia address.  Appellees listed the same witnesses, plus
Harpe.  As discussed below, this proof is
not sufficient to carry appellees= burden of showing the private and
public factors weigh heavily in their favor. 
See Sarieddine, 820 S.W.2d at 840.

The private factors.   Detailed
affidavits identifying the witnesses defendants will call at trial and the
testimony they would present are not necessary. 
Piper Aircraft Co., 454 U.S. at 258 102 S. Ct. at 267.  A party=s affidavit indicating who it would
call to testify in the alternative forum and the roles of those persons in the
incident giving rise to the litigation may suffice.  See Piper Aircraft, 454 U.S. at
249 n.27, 102 S. Ct. at 267 n.27 (describing sufficient affidavit); see also
A.P. Keller Dev., Inc. v. One Jackson Place, Ltd., 890 S.W.2d 502, 504
(Tex. App.CEl Paso 1994, no writ) (describing
evidence at hearing on motion to dismiss, which evidence the appellate court
held sufficient).  Nevertheless,
defendants must provide the trial court with enough information to balance the
parties= interests.  See Piper Aircraft, 454 U.S. at 258,
102 S. Ct. at 267.








In the present case, instead of providing an affidavit
indicating who they intended to call and the role of each intended witness,
appellees relied on appellants= witness list.  On the
witness list, several Georgia witnesses are described only as having “knowledge
of relevant facts.”  Appellees also have
provided no evidence of the difficulty or expense in bringing such witnesses to
Texas.

Appellees observe a Texas court does not have compulsory
process over Georgia residents. This fact, however, does not prevent the
witnesses from testifying voluntarily, and the record does not reflect that any
witnesses have informed appellees they will not or are unable to testify if
trial is held in Texas.[2]

Appellees also point to the fact the farm at issue is located
in Georgia.  They provided no evidence
about why a physical inspection or view of the farm was necessary nor why a
videotape or photographs would not suffice.

Appellees argue any judgment obtained would be more easily
enforced if rendered in Georgia, but they presented no evidence in support of
that claim.  We do note that Georgia,
like Texas, has adopted the Uniform Enforcement of Foreign Judgments Law.  See Ga.
Code Ann '' 9-12-130B138(1993 & Supp. 2002); Tex.
Civ. Prac. & Rem. Code Ann. ' 31.001B.008 (Vernon 1997).

The public factors.  The trial
court found the appellees were residents of Georgia as of August 1999, and “[t]he
search for and the negotiation for the purchase of Chauvin Farm was completed
entirely in Georgia.”  There was
competent evidence, to which appellants did not object, to support those
findings:  Chau Thanh Vuong=s affidavit.   Thus, based on the “significant relationship”
factors set out in choice of law cases, a Texas trial court may be applying
Georgia law.  See Henry Schein,
Inc. v. Stromboe, 46 Tex. Sup. Ct. J. 103, 2002 WL 31426407, at *16  (Oct. 31, 2002) (listing factors of “substantial
relationship” test for contract and tort actions).  Appellees, however, presented no evidence
that the relevant Georgia law “is so different from the Texas law as to be
difficult or incapable of administration and enforcement by our courts.”  Flaiz, 359 S.W.2d at 875.








Although appellants listed a Georgia address for themselves
in response to appellees= request for disclosure, the trial court made no finding regarding
appellants= legal residence, and it appears they
were and are residents of Texas. 
Therefore, Texas does have a relationship to the litigation.  The trial court appears to have given little,
if any, deference to the fact appellants chose their home forum.  Cf. Piper Aircraft Co., 454 U.S. at
255, 102 S. Ct. at 265 (stating greater deference should be given to plaintiff=s choice of home forum).

Given the proof on which appellees relied, the trial court
abused its discretion in dismissing the case for forum non conveniens.  We sustain appellants= issue one.

CONCLUSION

We reverse the order of the trial court and remand for
further proceedings consistent with this opinion.

 

 

/s/        John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum and Concurring Opinions filed May 1, 2003.

Panel consists of
Justices Yates, Anderson, and Frost. 
(Frost, J., concurring).

 











[1]  See, e.g.,
Boots v. Lopez, 6 S.W.3d 292, 294B95 (Tex.
App.CHouston [14th Dist.] 1999, pet. denied) (briefly
summarizing facts after listing factors); Seguros Comercial America, S.A. De
C.V. v. American President Lines, Ltd., 966 S.W.2d 652, 656 (Tex. App.CSan Antonio 1998, no pet.) (same).  But see Tullis v. Georgia‑Pac. Corp.,
45 S.W.3d 118, 128 (Tex. App.CForth Worth 2000, no pet.) (setting forth standards
for legal and factual sufficiency analysis in context of deciding statutory
forum non conveniens case); A.P. Keller Dev., Inc. v. One Jackson Place,
Ltd., 890 S.W.2d 502, 505 (Tex. App.CEl Paso
1994, no writ) (doing same in context of deciding non-statutory forum non
conveniens case).





[2]  But see
A.P. Keller Dev., Inc. v. One Jackson Place, Ltd., 890 S.W.2d 502, 504, 506
(Tex. App.CEl Paso 1994, no writ) (upholding trial court=s
decision to dismiss without appearing to require evidence of difficulty or
expense, instead looking to lack of compulsory process for Mississippi
witnesses).